IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-635-FL

| | | |
|---|---|---|
| GLENN HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN of HOPE MILLS; UNITED STATES of AMERICA; JAMES ROSEN; ADELA CARRASCO; SABA ROSEN; LOS ANGELES COUNTY DA'S OFFICE; DAVID CLINTON; ESIS ACE USA; CULVER CITY PD; SONY PICTURES ENTERTAINMENT; EVE CODDON; HOLLY LAKE; JAMES ZAPP; AMY DOW; HEAD of JUDICIAL COUNCIL and ADMINISTRATION of 391 LIST CA SUPREME COURT; LINDA LEFKOWITZ; LAPD; COLLEEN R. SMITH; MELLON; SCHMID & VOILES; CA 2nd DISTRICT APPEALS COURT; SANDRA BARRIENTO; KIM RUSSO; OPEIU UNION; CHRISTINE PAGE; OPEIU NY; CALIFORNIA ATTORNEY GENERAL'S OFFICE; SUPREME COURT of the STATE of CALIFORNIA; CHIEF JUSTICE RONALD GEORGE; CARLOS MORENO; JOYCE KENNARD; KATHRYN WERDEGAR; MING CHIN; MARVIN BAXTER; CAROL CORRIGAN; THE JUDICIAL COUNCIL of CALIFORNIA; THE JUDICIAL COUNCIL of CALIFORNIA, HEAD of the 391 SECTION; COURT of APPEALS SECOND APPELLATE DISTRICT of CALIFORNIA; ROGER BOREN; SUPERIOR COURT of CALIFORNIA, COUNTY of LOS ANGELES; JOE HILBERMAN; KATHLEEN McCOLGAN; ROSEN & SABA, LLP; TRAILER PARK, INC.; and PAUL HASTINGS LLP, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | | |

This matter comes before the court on the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) filed by defendant Town of Hope Mills ("defendant Hope Mills") (DE 11) and the motion to dismiss pursuant to Rules 12(b)(1), (5), and (6) by defendant Bank of New York Mellon ("defendant BNY Mellon") (DE 69).[1] Issues raised are ripe for ruling. For the following reasons the court GRANTS these motions.

## STATEMENT OF THE CASE

On July 9, 2013, plaintiff, proceeding *pro se*, filed complaint in Cumberland County Superior Court against approximately forty-five defendants.[2] This action relates to plaintiff's termination from his employment at defendant Sony Pictures Entertainment and his numerous prior suits filed with respect to his termination.[3] Plaintiff primarily alleges constitutional and civil rights violations, asserting that all but one of his previous cases were wrongfully dismissed. Plaintiff asks, among many other things, that this court find California Code of Civil Procedure § 391, under which he was found to be a "vexatious litigant," to be unconstitutional. He also asks that the court find Central District of California Federal Local Rule 83-8 unconstitutional in those parts where it refers to

---

[1] In his complaint, plaintiff refers to defendant BNY Mellon as "Mellon Bank."

[2] Where plaintiff did not caption his complaint, nor has he filed affidavits of service with the court with respect to all defendants served in this case, the exact number and identity of defendants in this case is not clear. The caption in this order reflects defendants the court has provisionally identified based on the present record.

[3] Plaintiff asserts in his complaint that he has previously filed twenty-four (24) cases relating to his termination from defendant Sony Pictures Entertainment and/or suits filed subsequently. See Compl. ¶ 3. Thus this would be the twenty-fifth (25th) lawsuit filed by plaintiff arising out of his termination and/or subsequent litigation.

California Code of Civil Procedure § 391.[4] Plaintiff also asserts numerous claims against various defendants.

On September 4, 2013, the action was removed to this court by the United States of America, which substituted itself for four defendants who were judges from the Court of Appeals for the Ninth Circuit. That same day, the United States filed a motion to dismiss for lack of subject matter jurisdiction. Most of the other defendants also filed motions to dismiss as follows.

On September 11, 2013, defendant Hope Mills filed a motion to dismiss pursuant to Rules 12(b)(1) and (6). Defendants Office and Professional Employees International Union Local 174 and Christine Page (collectively "the Union defendants") moved to dismiss pursuant to Rules 12(b)(2) and (6) on September 13, 2013. Similarly, on September 23, 2013, defendant Culver City PD also filed a motion to dismiss pursuant to Rules 12(b)(2) and (6).

Next, on October 1, 2013, defendants Marvin Baxter, Roger Boren, Ming Chin, Carol Corrigan, Court of Appeals Second Appellate District of California, Chief Justice Ronald George, Head of Judicial Council and Administration of 391 List CA Supreme Court, Joe Hilberman, Joyce Kennard, Linda Lefkowitz, Carlos Moreno, Superior Court of California, County of Los Angeles, Supreme Court of the State of California, The Judicial Council of California, The Judicial Council of California, Head of 391 Section, and Kathryn Werdegar (collectively "the California Judicial defendants") filed a motion to dismiss pursuant to Rules 12(b)(1), (2), and (6). The same day

---

[4] As relevant to this case, California Code of Civil Procedure § 391 defines as a "vexatious litigant" anyone who has commenced at least five litigations *in propria persona* in the last seven years , other than in small claims court, that have been finally determined adversely to them or unjustifiably been permitted to remain pending for at least two years without being brought to trial or hearing. If a plaintiff is determined to be a vexatious litigant and there is no reasonable probability that said plaintiff will prevail in the litigation against the moving defendant the court may require that plaintiff to furnish security for the benefit of the moving defendant in an amount fixed by the court. Cal. Civ. Proc. Code § 391.3(a). If the court determines the litigation has no merit and has been filed for harassment or delay, the court may dismiss the matter. Cal. Civ. Proc. Code § 391.3(b).

defendant CA 2nd District Appeals Court also moved to dismiss pursuant to Rules 12(b)(1), (2), and (6).

On October 7, 2013, defendant BNY Mellon moved to dismiss pursuant to Rules 12(b)(2), (5) and (6). Also on October 7, 2013, defendants Sony Pictures Entertainment, Schmid & Voiles, Rosen & Saba LLP, Trailer Park, Inc., Kim Russo, James Rosen, Adela Carrasco, and Kathleen McColgan (collectively, "the Sony defendants"), moved to dismiss pursuant to Rules 12(b)(1), (2), (3), (4), (5), and (6). Finally, the same day, defendants Eve Coddon, Amy Dow, Holly Lake, Paul Hastings LLP, and James Zapp (collectively "the Paul Hastings defendants") moved to dismiss pursuant to Rules 12(b)(2), and (6). The present order addresses the motions to dismiss filed by defendants BNY Mellon and Hope Mills.[5]

## STATEMENT OF FACTS

Plaintiff asserts the following facts in his complaint against defendants Hope Mills and BNY Mellon.

A.  Defendant Hope Mills

Plaintiff's complaint contains only one paragraph of factual allegations against defendant Hope Mills, which is a North Carolina municipality. In its entirety, this paragraph reads "[t]he town of Hope Mills corruptly and in bad faith used my case v. Hilberman et al. CV 07-7714-0DW. They discriminated and retaliated against me in employment selection. They defamed me to the EEOC. Doe(s) who did this are defendants." Compl. ¶ 20. Plaintiff's only other mention of defendant Hope Mills is to request One Million Dollars ($1,000,000.00) as a remedy for defendant Hope Mills's "advocating 391, trying to use it and defaming me about it." Compl. ¶ 22.

---

[5] A number of defendants in this case moved for, and were granted, an extension of time to file an answer. Thus the motions to dismiss in this case were timely filed. The other motions to dismiss will be addressed in separate orders.

B.   Defendant BNY Mellon

Plaintiff's factual claims against defendant BNY Mellon are also very brief, and not entirely clear. Based on the allegations in his complaint, it appears plaintiff wrote a letter to defendant BNY Mellon's CEO about harassment, and that Mellon spoke to Sony about it. Compl. ¶ 3(14). Plaintiff further alleges that "Sony said Mellon said I said I did not know what I might do. I did not say that. That would sound like a threat." Id. Plaintiff states that he is "not sure" what his requested relief with respect to defendant BNY Mellon is. Id. at ¶ 22.

## COURT'S DISCUSSION

A.   Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either assert the complaint fails to state facts upon which subject matter jurisdiction may be based or attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. The latter type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Id. Since the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Id.

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to eliminate claims that are factually or legally insufficient. Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a pleading must contain "sufficient factual matter,

5

accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In evaluating whether a claim is stated, "a court accepts all well-pled facts as true and construes these facts in the light most favorable" to the plaintiff, but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id.

A court may consider certain matters outside the pleadings, including matters of which a court may take judicial notice, on a Rule 12(b)(6) motion without converting it into one for summary judgment. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004 & Supp. 2007)). A court may take judicial notice of matters in the public record. See Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (citing Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986)).

B. Analysis

    1. Defendant Hope Mills's Motion to Dismiss

An employee seeking redress for discrimination must file a charge with the Equal Employment Opportunity Commission ("EEOC") before filing suit in federal court. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 406 (4th Cir. 2013). If the EEOC does not pursue the charges it will issue a "right-to-sue" letter to the plaintiff, who may then file a civil action in court within ninety (90) days of receipt of that letter. 42 U.S.C.§ 2000e-5(f)(1). "In any subsequent lawsuit alleging unlawful employment practices under Title VII, a federal court may only consider

those allegations included in the EEOC charge." Balas, 711 F.3d at 407. The district court does not have subject matter jurisdiction over claims not first brought before the EEOC. Id. at 406.

In this case, plaintiff asserts that defendant Hope Mills "discriminated and retaliated against me in employment selection." Compl. ¶ 20. Plaintiff previously filed an EEOC charge against defendant Hope Mills asserting discrimination based upon age and disability. See Def. Hope Mills's Mem Supp. Mot. to Dismiss Ex. A. He did not, however, include a charge of retaliation. See id.; see also See Miles v. Dell, Inc., 429 F.3d 480, 492 (4th Cir. 2005) (holding that retaliation claims are not automatically encompassed in discrimination claims). Although plaintiff wrote a letter written to the EEOC stating he would like to add retaliation to his charge, see Pl.'s Resp. Opp'n. Def. Hope Mills's Mot. to Dismiss Ex. C 2, a private letter from a complaining party to the EEOC cannot, constructively amend a formal charge. Sloop v. Memorial Mission Hosp., Inc., 198 F.3d 147, 149 (4th Cir.1999). Thus, the court lacks jurisdiction to hear his retaliation claim. Because this court is not empowered to hear plaintiff's retaliation claim under these circumstances, it must dismiss that claim.[6]

The EEOC sent plaintiff a right-to-sue letter on January 31, 2011. Def. Hope Mills's Mem. Supp. Mot. to Dismiss Ex. B 1. Plaintiff had ninety (90) days from receipt of this letter to bring suit on his discrimination charges. Plaintiff, however, did not file his complaint until July 7, 2013, over two years after the EEOC sent the right-to-sue letter. Thus this claim must be dismissed as untimely.

Finally, plaintiff fails to state a claim for defamation against defendant Hope Mills upon which relief can be granted. Plaintiff asserts that defendant Hope Mills defamed him in its

---

[6] To the extent that plaintiff seeks to bring claims regarding two jobs he applied for in 2013, see Pl.'s Resp. Opp'n to Def. Hope Mill's Mot. to Dismiss 3-4, the court must dismiss these claims also as plaintiff notes he has not brought an EEOC charge on these claims. See id.

7

communications to the EEOC. See Compl. ¶ 20. Plaintiff does not state how he was allegedly defamed in his complaint, but his response to defendant Hope Mills's motion to dismiss makes clear his claim rests upon the allegation the defendant Hope Mills submitted records to the EEOC showing that he had been declared a vexatious litigant. See Pl.'s Resp. Opp'n Def. Hope Mills's Mot. to Dismiss Ex. B. 1, and Ex. C 2. As defendant Hope Mills notes, the order declaring plaintiff a vexatious litigant was a matter of public record. Def. Hope Mills's Reply Supp. Mot. to Dismiss 3. Truth is a complete defense to a defamation claim. See Food Lion, Inc. v. Capital Cities/ABC, Inc., 194 F.3d 505, 522 (4th Cir. 1999), and plaintiff himself notes in his complaint that he was declared a vexatious litigant.[7] See Compl. ¶ 16. Thus, he has failed to state a claim upon which relief can be granted for defamation.[8]

    2.    Defendant BNY Mellon's Motion to Dismiss

Defendant BNY Mellon argues that the court lacks personal jurisdiction over it due to plaintiff referring to it as "Mellon Bank" in the complaint, and because of plaintiff's purportedly imporper service of pricess. Defendant BNY Mellon also and contends that plaintiff has failed to state a claim against it. While the court finds that it has personal jurisdiction over defendant BNY Mellon on the present record, the court agrees plaintiff fails to state a claim against defendant BNY Mellon upon which relief may be granted.

---

[7] Plaintiff asserts in his complaint that he was wrongfully declared a vexatious litigant. Of course, the propriety of such an order has no bearing on the truth of that order's existence, and therefore, on the truth of the alleged statements by defendant Hope Mills.

[8] The court notes that plaintiff lists additional causes of action in his response in opposition to defendant Hope Mills's motion to dismiss. Where these claims were not properly pleaded against defendant Hope Mills in plaintiff's complaint, they are not properly before the court.

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "A document filed *pro se* is to be liberally construed . . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless district courts are not "to assume the role of advocate for the pro se plaintiff." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Thus, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Here, plaintiff's allegations with respect to defendant BNY Mellon are too brief and imprecise to provide defendant BNY Mellon with notice of what it is alleged to have done wrong. Thus plaintiff has not stated a claim upon which relief can be granted against defendant BNY Mellon.

In plaintiff's response in opposition to defendant BNY Mellon's motion, plaintiff makes various assertions with respect to events involving defendant BNY Mellon. Plaintiff asserts that an unknown employee of defendant BNY Mellon made an allegedly defamatory statement about plaintiff to plaintiff's employer. Plaintiff offers to amend his complaint to include more information about defendant BNY Mellon. Amendment, however, would be futile as the statute of limitations for a defamation claim has plainly run.

Plaintiff was terminated from the employ of defendant Sony Pictures Entertainment on October 18, 2001. See Request for Judicial Notice Ex. 2, 11 (DE 80-2). Under North Carolina law, an action or proceeding for defamation must be commenced within one year after the cause of action has accrued. N.C. Gen. Stat. § 1-54(3). A cause of action for defamation accrues at the date of the publication of the defamatory words. See Gordon v. Fredle, 206 N.C. 734, 175 S.E. 126 (1934). Here, plaintiff alleges that the defamatory statement was made by defendant BNY Mellon while he

9

was still employed by defendant Sony Pictures Entertainment, over ten (10) years before this matter was filed. Accordingly, amendment would be futile.

## CONCLUSION

Based upon the foregoing the court GRANTS the motions to dismiss by defendant Hope Mills (DE 11) and by defendant BNY Mellon (DE 69).

SO ORDERED, this the 6th day of November, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge