IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-635-FL

| | |
|---|---|
| GLENN HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES of AMERICA; JAMES ROSEN; | ) |
| ADELA CARRASCO; LOS ANGELES COUNTY; | ) |
| LOS ANGELES COUNTY DA'S OFFICE; PETER | ) |
| GLICK; STEVE COOLEY; CLINTON & CLINTON; | ) |
| DAVID CLINTON; ESIS ACE USA; CULVER | ) |
| CITY PD; SONY PICTURES ENTERTAINMENT; | ) |
| EVE CODDON; HOLLY LAKE; JAMES ZAPP; | ) |
| AMY DOW; HEAD of JUDICIAL COUNCIL and | ) |
| ADMINISTRATION of 391 LIST CA SUPREME | ) |
| COURT; LINDA LEFKOWITZ; LAPD; COLLEEN | ) |
| R. SMITH; SCHMID & VOILES; CA 2nd | ) |
| DISTRICT APPEALS COURT; SANDRA | ) ORDER |
| BARRIENTO; KIM RUSSO; OPEIU UNION; | ) |
| CHRISTINE PAGE; OPEIU NY; CALIFORNIA | ) |
| ATTORNEY GENERAL'S OFFICE; SUPREME | ) |
| COURT of the STATE of CALIFORNIA; CHIEF | ) |
| JUSTICE RONALD GEORGE; CARLOS | ) |
| MORENO; JOYCE KENNARD; KATHRYN | ) |
| WERDEGAR; MING CHIN; MARVIN BAXTER; | ) |
| CAROL CORRIGAN; THE JUDICIAL COUNCIL of | ) |
| CALIFORNIA; THE JUDICIAL COUNCIL of | ) |
| CALIFORNIA, HEAD of the 391 SECTION; | ) |
| COURT of APPEALS SECOND APPELLATE | ) |
| DISTRICT of CALIFORNIA; ROGER BOREN; | ) |
| SUPERIOR COURT of CALIFORNIA, COUNTY of | ) |
| LOS ANGELES; JOE HILBERMAN; KATHLEEN | ) |
| McCOLGAN; ROSEN & SABA, LLP; TRAILER | ) |
| PARK, INC.; and PAUL HASTINGS LLP, | ) |
| | ) |
| Defendants. | |

This matter comes before the court on the motion to dismiss pursuant to Rule 12(b)(1) by the United States (DE 5), the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6) by defendants Christine Page and OPEIU Union (collectively "the union defendants") (DE 33), and the motion to dismiss pursuant to Rules 12(b)(2) and (6) by defendant City of Culver City ("defendant Culver City") (DE 54).[1] Issues raised are ripe for ruling. For the following reasons the court GRANTS these motions.[2]

## STATEMENT OF THE CASE

The court refers to, and incorporates by reference, the statement of the case contained in its order entered November 6, 2013. As noted therein, the United States removed the instant action to this court on September 4, 2012, substituting itself for four defendant federal judges. That same day, it filed its motion to dismiss, asserting that this court lacks subject matter jurisdiction over plaintiff's claims against it.

The union defendants filed their motion to dismiss on September 13, 2013. The union defendants contend that they lack the minimum contacts necessary with the state of North Carolina for this court to properly assert personal jurisdiction over them. They also contend that plaintiffs claims should be dismissed under *res judicata*, that plaintiff failed to state a claim upon which relief can be granted, and that to the extent plaintiff has stated any claims, the statute of limitations on those claims has run. Plaintiff did not respond to this motion.

Defendant Culver City, a California municipality, filed its motion to dismiss on September

---

[1] In his complaint, plaintiff refers to defendant Culver City as Culver City PD.

[2] Defendants Town of Hope Mills and Bank of New York Mellon were dismissed by order entered November 6, 2013. Moreover it appears that the defendant appearing on the docket as "Saba Rosen" was duplicative of defendant Rosen & Saba, LLP. Finally, it appears plaintiff intended to name as defendants Los Angeles County, Peter Glick, Steve Cooley, and Clinton & Clinton. The court therefore, of its own initiative, amends the caption so to reflect.

23, 2013, also asserting that the court does not have personal jurisdiction over it where it lacks the requisite minimum contacts with North Carolina. Defendant Culver City also asserts that plaintiff fails to state a claim against it, and that plaintiff cannot state a claim against it under 42 U.S.C. § 1983 where municipal liability does not exist under the facts alleged.

**STATEMENT OF FACTS**

The allegations in plaintiff's complaint are not a model of clarity, and certainly much of the relief requested is outside of the power of this court to grant. Plaintiffs allegations against the United States, the union defendants, and defendant Culver City are set forth in more detail below.

A.     United States (Judges Wright, Wardlaw, Fisher, and Berzon)

As noted, the United States has substituted itself as defendant for four federal judges named as defendants by plaintiff.[3] Plaintiff makes the following allegations relevant to his claims involving those judges in his complaint. After being declared a "vexatious litigant" pursuant to California Code of Civil Procedure § 391, plaintiff brought a case before the District Court for the Central District of California. Compl. ¶ 3(24). Plaintiff was attempting to "get off the 391 list," to have section 391 held unconstitutional, and to have Central District of California Local Rule 83-8 declared unconstitutional in that part where it refers to section 391. Id. at ¶¶ 1, 3(24). Judge Otis Wright presided over plaintiff's case and did not recuse himself, despite the fact that he "had worked for two of the defendants." Id. He then dismissed plaintiff's claims without discussing them. Id.

Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit on July 23,

---

[3] Plaintiff incorrectly asserts that he can name the United States Department of Justice as a co-plaintiff, and therefore the United State's notice of substitution creates a conflict. The United States Department of Justice is not a plaintiff in this action.

3

2009. Id. at ¶ 4. The panel consisting of Judges Wardlaw, Fisher, and Berzon, determined that the questions in the appeal were insubstantial, and, pursuant to Ninth Circuit Rule 3-6 issued plaintiff a show cause order. Id. Plaintiff responded, and the panel issued an unpublished opinion dismissing his appeal. Id. at ¶¶ 4, 5. Plaintiff was denied rehearing *en banc*. Id. at ¶ 5.

Plaintiff asserts that the application of section 391 and Local Rule 83-8 against him violated numerous constitutional rights under the First, Fifth, Seventh, Eight, and Fourteenth Amendments to the Constitution. Id. at ¶¶ 9, 10. He further contends that Judges Wright, Wardlaw, Fisher, and Berzon violated their oaths of office. Plaintiff also appears to contend that these judges committed a variety of state law torts against him. Id. at ¶¶ 18, 22. Plaintiff's requested relief against these defendants includes One Million Dollars ($1,000,000.00) in damages from each of these judges, and he asks that they be declared "traitors to the United States." Id. at ¶ 22.

B.     The Union Defendants

Plaintiff alleges that his union did not adequately help him during his termination and settlement process with defendant Sony Pictures Entertainment. Compl. ¶ 2. He further alleges his union representative made false statements in documents filed with the court, misrepresented to him the extent of the union's duties to represent him. Id. at ¶¶ 2, 3(8). Plaintiff also alleges there "was defamation in court papers." Id. at ¶ 3(20). Plaintiff attempted to "use RICO about what my union had done over the years." Id. at ¶ 3(23).

C.     Defendant Culver City

It appears from his complaint the plaintiff is alleging that Defendant Culver City twice refused to investigate plaintiff's complaints against Sony and other parties and to arrest those parties. Compl. ¶ 16. Plaintiff also alleges defendant Culver City did not respond to a letter asking about

4

harassment cases. Id.

**COURT'S DISCUSSION**

A.     Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either assert the complaint fails to state facts upon which subject matter jurisdiction may be based or attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. The latter type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Id. Since the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Id.

Where the court addresses a Rule 12(b)(2) motion without the benefit of evidentiary hearing, but rather relies only on the motions papers, supporting memoranda, affidavits, and pleadings, the plaintiff's burden is to make a *prima facie* showing of personal jurisdiction. Carefirst of Maryland Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003). Ultimately, the burden of proof on the plaintiff is one of preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). In this context, the court construes the allegations in the light most favorable to the plaintiff, assumes credibility, and draws the most favorable inferences for the existence of jurisdiction. Carefirst, 334 F.3d at 396. To make out a *prima facie* showing of personal jurisdiction a plaintiff must make allegations that such jurisdiction exists. Clark v. Remark, 993 F.2d 228, 1993 WL 134616, at *2 (4th Cir. Apr. 29, 1993) (unpublished

5

table decision).

The plaintiff may not rest on mere jurisdictional allegations where a defendant has countered those allegations with evidence that jurisdiction does not exist. Id. (citing Barclays Leasing v. Nat'l Bus. Sys., 750 F.Supp. 184, 186 (W.D.N.C. 1990)). Rather, plaintiff must come forward with affidavits or other evidence to counter defendant's arguments, and once both parties have presented evidence, factual conflicts are resolved in favor of the party asserting jurisdiction. Id. In construing the pleadings, affidavits, and other supporting documents in the light most favorable to plaintiff, the court does not "credit conclusory allegations or draw farfetched inferences." Masselli & Lane, P.C. v. Miller & Schuh, P.A., 215 F.3d 1320, 2000 WL 691100, at *1 (4th Cir. May 30, 2000) (unpublished table decision) (citations omitted).

B.      Analysis

      1.      The United States' Motion to Dismiss

The United States contends that this court lacks subject matter jurisdiction over plaintiff's claims against it. The Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 2671 et seq., provides a scheme whereby a plaintiff may obtain redress against the United States for certain torts committed by employees of the government. 28 U.S.C. § 2679(b)(1). No action may be instituted under the FTCA, however, unless the claimant has first exhausted administrative his remedies. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 107 (1993).

The United States argues that because plaintiff has not exhausted his administrative remedies, his claims against it must be dismissed for lack of subject matter jurisdiction. Insofar as plaintiff purported to bring state law tort claims against Judges Wright, Wardlaw, Fisher, and Berzon, the court agrees.

6

The FTCA, however, is not the exclusive remedy for constitutional torts. F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994). Nevertheless, this court lacks subject matter jurisdiction over a claim when "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy." Davis v. Pak, 856 F.2d 648, 651 n.3 (4th Cir. 1988) (quotations omitted). In this case, governing law clearly conclusively establishes that Judges Wright, Wardlaw, Fisher, and Berzon are immune from suit for their alleged actions. Absolute judicial immunity shields judges from liability even for acts allegedly done maliciously or corruptly. Pierson v. Ray, 386 U.S. 547, 554 (1967); King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992). This immunity can be overcome in "only two sets of circumstances." Mireles v. Waco, 502 U.S. 9, 11 (1991). "First, a judge is not immune from liability for nonjudicial actions . . . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12.

Plaintiff contends that actions by Judges Wright, Wardlaw, Fisher, and Berzon in issuing orders and opinions were non-judicial actions. To determine if a judge was acting in his or her judicial capacity the court considers "whether the function is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity." King v. Myers, 973 F.2d 354, 357 (4th Cir. 1992). There can be no clearer example of function normally performed by a judge than entering orders on motions and issuing opinions, and no clearer example of a party dealing with a judge in a judicial capacity than coming before them as a litigant. Indeed, in Wolfe v. Strankman, a case cited by plaintiff, the Ninth Circuit Court of Appeals specifically notes that a judge acts in a judicial capacity where, as here, that judge "determin[es] whether a plaintiff is a vexatious litigant upon a motion by a defendant." 392 F.3d 358, 365 (9th Cir. 2004); see also Mem.

7

Supp. Sony Defs.' Mot. to Dismiss Ex. 1, February 11, 2009, Order (order by defendant Wright, granting, *inter alia*, a motion by the defendants in that case to declare plaintiff a vexatious litigant).

Plaintiff contends that there was a complete absence of all jurisdiction because these judges' actions were wrongful. The Supreme Court has clearly foreclosed this argument, instructing that a judge is not acting in a complete absence of jurisdiction merely because "the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Thus, the immunity of Judges Wright, Wardlaw, Fisher, and Berzon for these actions cannot be the subject of controversy and the court is therefore without jurisdiction to hear them. Davis, 856 F.2d at 651 n. 3.

    2.    The Union Defendants' Motion to Dismiss

The union defendants maintain that the court lacks personal jurisdiction over then, that plaintiff's claims against them are barred by *res judicata*, and that plaintiff has failed to state a claim against them. The court agrees that it lacks personal jurisdiction over the union defendants, and therefore does not reach the other arguments raised.

This court may not assert personal jurisdiction over a non-resident defendant, unless (1) the exercise of jurisdiction is authorized by North Carolina's long-arm statute, and (2) the exercise of personal jurisdiction comports with Fourteenth Amendment due process requirements. Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." Id. Therefore the two-pronged test merges into the single question of whether the "defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"

8

Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 (1945)).

> [A] court may assert jurisdiction over a nonresident defendant through either of two independent avenues. First, a court may find specific jurisdiction based on conduct connected to the suit. If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. Second, a court may exercise personal jurisdiction under the theory of general jurisdiction, which requires a more demanding showing of continuous and systematic activities in the forum state.

Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2012) cert. denied, 133 S. Ct. 846, 184 L. Ed. 2d 655 (U.S. 2013) (citations omitted).

Here, the union defendants have brought forward unrebutted evidence that they do not conduct "continuous and systematic" activities in North Carolina. Defendant Christine Page lives in California, has never visited North Carolina, owns no property in North Carolina, and does not travel to North Carolina for her work. Union Defs.' Mem Supp. Mot. to Dismiss Ex. 6, Page Aff. ¶ 2. Defendant OPEIU Union is a labor organization with its offices in California. Id. at ¶ 3. It represents no employees who live in North Carolina and owns no property in North Carolina. Id. Thus, this court lacks general jurisdiction over the union defendants.

To determine if it has specific jurisdiction, a court is to consider: (1) the extent to which a defendant purposefully availed itself of the privilege of conducting activity in the forum state, or otherwise invoked the benefits and protections its laws; (2) whether the plaintiff's claims arose out those activities directed at the forum state; and (3) whether exercising personal jurisdiction is constitutionally reasonable. CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 294 (4th Cir. 2009). In this case, plaintiff's claims arise out of the union defendants' conduct in representing him in California as a Sony employee. As shown from the above affidavits, the union defendants have not availed themselves of the privilege of conducting activity in North Carolina,

9

and none of plaintiff's claims arise out of activities directed at North Carolina. Therefore the court has no specific jurisdiction over the union defendants. Where the court may not exercise jurisdiction over the union defendants, it must dismiss plaintiff's claims against them.

      3.      Defendant Culver City's Motion to Dismiss

Defendant Culver City contends that this court lacks personal jurisdiction over it, and that plaintiff fails to state a claim upon which relief can be granted against it. Again, where the court agrees that it does not have personal jurisdiction over this defendant, it does not reach other issues raised. Plaintiff does not allege any jurisdictional facts showing that defendant Culver City – a California municipality – has conducted "continuous and systematic activities" within North Carolina; therefore the court does not have general personal jurisdiction over this defendant. Tire Eng'g & Distribution, LLC, 682 F.3d at 301. Further, plaintiff does not allege facts demonstrating that defendant has availed itself of the privilege of conducting activities in North Carolina out of which plaintiff's claims arise such that it would be constitutionally reasonable for this court to exercise jurisdiction. CFA Inst., 551 F.3d at 294.

In his response to defendant Culver City's motion, plaintiff argues that personal jurisdiction is proper because (1) he was in North Carolina during the pendency of the "last case Culver City and I were involved in"; (2) defendant Culver City sent him case information while he lived in this state; and (3) defendant Culver City did not respond to a letter he wrote, while living in North Carolina, requesting information. Pl.'s Resp. Opp'n. Def. Culver City's Mot. to Dismiss 2. None of these facts allow this court to exercise personal jurisdiction over defendant Culver City. The significant aspects of his complaint against defendant Culver City relate to California, not North Carolina. The only contacts defendant Culver City has with this state are a result of plaintiff's decision to move

10

here, which is "completely adventitious" as far as this defendant is concerned. Rush v. Savchuk, 444 U.S. 320, 328-29 (1980). Thus, defendant Culver City cannot be said to have purposely availed itself of the privilege of conducting activities in this state. See Craig v. General Finance Corp. of Illinois, 504 F. Supp. 1033, 1039 (D.Md. 1980) (concluding that Maryland could not constitutionally assert personal jurisdiction over an Illinois defendant that used the mail and telephone to attempt to collect a debt originating in Illinois from a plaintiff who had moved to Maryland).

## CONCLUSION

For reasons given this court does not have jurisdiction to hear plaintiff's complaints against the United States, defendant Culver City, and the union defendants. Accordingly, the court GRANTS the motions to dismiss by these defendants. (DE 5, 33, 54).

SO ORDERED, this the 18th day of November, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge