IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-635-FL

| | | |
|---|---|---|
| GLENN HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES ROSEN; ADELA CARRASCO; LOS ANGELES COUNTY; LOS ANGELES COUNTY DA'S OFFICE; PETER GLICK; STEVE COOLEY; CLINTON & CLINTON; DAVID CLINTON; ESIS ACE USA; SONY PICTURES ENTERTAINMENT; EVE CODDON; HOLLY LAKE; JAMES ZAPP; AMY DOW; HEAD of JUDICIAL COUNCIL and ADMINISTRATION of 391 LIST CA SUPREME COURT; LINDA LEFKOWITZ; LAPD; COLLEEN R. SMITH; SCHMID & VOILES; CA 2nd DISTRICT APPEALS COURT; SANDRA BARRIENTO; KIM RUSSO; OPEIU NY; CALIFORNIA ATTORNEY GENERAL'S OFFICE; SUPREME COURT of the STATE of CALIFORNIA; CHIEF JUSTICE RONALD GEORGE; CARLOS MORENO; JOYCE KENNARD; KATHRYN WERDEGAR; MING CHIN; MARVIN BAXTER; CAROL CORRIGAN; THE JUDICIAL COUNCIL of CALIFORNIA; THE JUDICIAL COUNCIL of CALIFORNIA, HEAD of the 391 SECTION; COURT of APPEALS SECOND APPELLATE DISTRICT of CALIFORNIA; ROGER BOREN; SUPERIOR COURT of CALIFORNIA, COUNTY of LOS ANGELES; JOE HILBERMAN; KATHLEEN McCOLGAN; ROSEN & SABA, LLP; TRAILER PARK, INC.; and PAUL HASTINGS LLP, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6) filed by Marvin Baxter; Roger Boren; Ming Chin; Carol Corrigan; Court of Appeals Second Appellate District of California; Chief Justice Ronald George; Head of Judicial Council and Administration of 391 List CA Supreme Court; Joe Hilberman; Joyce Kennard; Linda Lefkowitz; Carlos Moreno; Superior Court of California, County of Los Angeles; Supreme Court of the State of California; The Judicial Council of California; The Judicial Council of California, Head of 391 Section; and Kathryn Werdegar (collectively "the California judicial defendants") (DE 61).[1] Also before the court is the motion to dismiss pursuant to Rules 12(b)(1), (2), and (6) by defendant CA 2nd District Appeals Court (together with the California judicial defendants, "these defendants") (DE 65). Issues raised are ripe for ruling. For the following reasons the court GRANTS these motions.[2]

## STATEMENT OF THE CASE

The court refers to, and incorporates by reference, the statement of the case contained in its order entered November 6, 2013. As noted therein, the United States (subsequently dismissed as a party) removed the instant action to this court on September 4, 2013, substituting itself for four defendant federal judges. That same day, it filed its motion to dismiss, asserting that this court lacks subject matter jurisdiction over plaintiff's claims against it.

On October 1, 2013, the California judicial defendants filed a motion to dismiss. They argue that this court lacks subject matter jurisdiction over plaintiff's claims against them as they are barred

---

[1] Although not all are explicitly named as judges on the docket, all of the above individual defendants are current or retired judges and justices in the California state courts.

[2] Defendants OPEIU Union, Christine Page, Culver City PD, and the United States were dismissed by order entered November 18, 2013. The court therefore, of its own initiative, amends the caption so to reflect.

both by the Rooker-Feldman doctrine, and by the Eleventh Amendment. They also contend that this court lacks personal jurisdiction over them as they lack sufficient contacts with North Carolina. Next, the California judicial defendants maintain that plaintiff has failed to state a claim upon which relief can be granted, his claims for relief are barred by judicial immunity, and his claims for injunctive relief are bared by 42 U.S.C. §§ 1983 and 1985. Finally, these defendants argue that plaintiff lacks constitutional standing to bring this suit.

The same day defendant CA 2nd District Appeals Court also moved to dismiss, making the same arguments as the California judicial defendants.

**STATEMENT OF FACTS**

Plaintiff's complaint alleges that these defendants entered various improper pre-trial rulings and orders or wrongfully affirmed many of those rulings and orders on appeal, or wrongfully dismissed or did not hear his appeals. See compl. ¶¶ 3(1), (5), (6), (7), (9), (11), (16), (17), (20), (21). Plaintiff particularly focuses on his being declared a "vexatious litigant" pursuant to California Code of Civil Procedure § 391. See generally, compl. Plaintiff also alleges the following: The courts caused him "psychological damage and other problems" where these defendants "were not acting in good behavior." Id. at ¶ 18. He was harassed by state and county employees. Id. at ¶ 12. Plaintiff asserts that these defendants violated his rights "to petition, due process . . . equal protection . . . [and] 8th Amendment right about punishment . . . ." Id. at ¶ 18. These defendants "use[d] 391 against [plaintiff], [got plaintiff's] cases wrong, [did] not respond to [plaintiff's] points, or . . . discuss their reasons to dismiss issues or cases." Id. at ¶ 19. The California Supreme Court would not hear plaintiff's case. Id. at ¶ 18. These defendants "okayed an unconstitutional law being used [that plaintiff] had not violated; they need to be stopped." Id.

3

Plaintiff specifically alleges that during this time defendants Boren and Lefkowitz were administrative judges, and that defendant George was administrator of the Judicial Council of California. At one point, defendant Lefkowitz "act[ed] mad and walk[ed] off . . . saying she did not wish to discuss it anymore, was seeing if [plaintiff's] case could go forward after it was filed." Id. He also alleges that defendant Boren "falsely accused me of not following pre-filing orders." Id. at ¶ 19.

## COURT'S DISCUSSION

A.  Standard of Review

Where the court addresses a Rule 12(b)(2) motion without the benefit of evidentiary hearing, but rather relies only on the motions papers, supporting memoranda, affidavits, and pleadings, the plaintiff's burden is to make a *prima facie* showing of personal jurisdiction. Carefirst of Maryland Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003). Ultimately, the burden of proof on the plaintiff is one of preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). In this context, the court construes the allegations in the light most favorable to the plaintiff, assumes credibility, and draws the most favorable inferences for the existence of jurisdiction. Carefirst, 334 F.3d at 396. To make out a *prima facie* showing of personal jurisdiction a plaintiff must make allegations that such jurisdiction exists. Clark v. Remark, 993 F.2d 228, 1993 WL 134616, at *2 (4th Cir. Apr. 29, 1993) (unpublished table decision).

B.  Analysis

Where these defendants raise the same arguments in support of dismissal, the court considers their motions together. The court agrees that it lacks personal jurisdiction over these defendants,

4

and so does not reach other arguments raised.  See Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) ("The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties.  Thus, a federal court may decide a straightforward question concerning personal jurisdiction without first determining that it has subject-matter jurisdiction over the case.").

This court may not assert personal jurisdiction over a non-resident defendant, unless (1) the exercise of jurisdiction is authorized by North Carolina's long-arm statute, and (2) the exercise of personal jurisdiction comports with Fourteenth Amendment due process requirements.  Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause."  Id.  Therefore the two-pronged test merges into the single question of whether the "defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 (1945)).

> [A] court may assert jurisdiction over a nonresident defendant through either of two independent avenues. First, a court may find specific jurisdiction based on conduct connected to the suit. If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. Second, a court may exercise personal jurisdiction under the theory of general jurisdiction, which requires a more demanding showing of continuous and systematic activities in the forum state.

Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2012) cert. denied, 133 S. Ct. 846 (2013) (citations omitted).

Plaintiff does not allege any jurisdictional facts showing that these defendants, who are all located in California, have conducted "continuous and systematic activities" within North Carolina;

therefore the court does not have general personal jurisdiction over these defendants. Id.

To determine if it has specific jurisdiction, a court is to consider: (1) the extent to which a defendant purposefully availed itself of the privilege of conducting activity in the forum state, or otherwise invoked the benefits and protections its laws; (2) whether the plaintiff's claims arose out those activities directed at the forum state; and (3) whether exercising personal jurisdiction is constitutionally reasonable. CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 294 (4th Cir. 2009).

These defendants are current and retired judges and justices in the California state court system; the California Superior Court; the Second Appellate District of California; the California Second District Appeals Court; and the Supreme Court of the State of California. Plaintiff complains of actions taken by these defendants in California, with respect to litigation occurring in California. There are no allegations of these defendants purposefully availing themselves of the privilege of conducting activity in North Carolina or invoking the benefits and protections of its laws, nor do plaintiff's claims arise out of any such activities. Thus, the exercise of personal jurisdiction over these defendants is plainly unreasonable. Therefore the court has no specific jurisdiction over the union defendants.

In his response to these defendants' motions, plaintiff argues that the court has personal jurisdiction over these defendants because he was in North Carolina during the pendency of a case involving plaintiff and these defendants, and they corresponded in writing. Pl.'s Resp. Opp'n. California Judicial Defs.' Mot. to Dismiss 6. These facts are insufficient to support the exercise of personal jurisdiction over these defendants. These contacts with this state are the result of plaintiff's decision to move here, rather than a purposeful decision on the part of these defendants. See Craig

6

v. General Finance Corp. of Illinois, 504 F. Supp. 1033, 1039 (D.Md. 1980) (concluding that Maryland could not constitutionally assert personal jurisdiction over an Illinois defendant that used the mail and telephone to attempt to collect a debt originating in Illinois from a plaintiff who had moved to Maryland).

To the extend that plaintiff contends that personal jurisdiction is proper pursuant to N.C. Gen. Stat. §§ 1-74.4(1), 1-75.4(4), and 1-47(1),[3] the court finds this argument to be without merit. N.C. Gen. Stat. § 1-74(1) provides that North Carolina courts have jurisdiction over a party who is properly served and: a natural person either present or domiciled within the state, a domestic corporation, or engaged in substantial activity in this state. These defendants are none of these things. N.C. Gen. Stat § 1-74(4) relates to personal jurisdiction in actions for wrongful death and therefore is inapposite here. Finally, N.C. Gen. Stat. § 1-47(1) discusses a statute of limitations for certain claims and does not provide a ground for personal jurisdiction. Thus, the court does not have personal jurisdiction over these defendants, and must dismiss plaintiff's claims against them.

## CONCLUSION

For reasons given, this court does not have jurisdiction to hear plaintiff's complaints against the California judicial defendants and defendant CA 2nd District Appeals Court. Accordingly, the court GRANTS the motions to dismiss by these defendants (DE 61, 65).

SO ORDERED, this the 19th day of November, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] These defendants inform that plaintiff argues, in a document entitled "Reply to CA Court and Employees' Motion to Dismiss," that these statutes support this court's personal jurisdiction over these defendants. This document has not been filed with the court. Nevertheless, the court will consider these statutes where these defendants have brought them to the court's attention.