IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-635-FL

| | |
|---|---|
| GLENN HENDERSON, | ) |
|            Plaintiff, | ) |
|            v. | ) |
| JAMES ROSEN; ADELA CARRASCO; LOS ANGELES COUNTY; LOS ANGELES COUNTY DA'S OFFICE; PETER GLICK; STEVE COOLEY; CLINTON & CLINTON; DAVID CLINTON; ESIS ACE USA; SONY PICTURES ENTERTAINMENT; EVE CODDON; HOLLY LAKE; JAMES ZAPP; AMY DOW; LAPD; COLLEEN R. SMITH; SCHMID & VOILES; SANDRA BARRIENTO; KIM RUSSO; OPEIU NY; CALIFORNIA ATTORNEY GENERAL'S OFFICE; KATHLEEN McCOLGAN; ROSEN & SABA, LLP; TRAILER PARK, INC.; and PAUL HASTINGS LLP, | ) ORDER |
|            Defendants. | ) |

This matter comes before the court on motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), (4), (5), and (6) by defendants Sony Pictures Entertainment ("defendant SPE"), Schmid & Voiles, Rosen & Saba LLP, Trailer Park, Inc., Kim Russo, James Rosen, Adela Carrasco, and Kathleen McColgan (collectively, "the Sony defendants") (DE 71). Also before the court is the motion to dismiss pursuant to Rules 12(b)(2), and (6) by defendants Eve Coddon, Amy Dow, Holly Lake, Paul Hastings LLP, and James Zapp (collectively "the Paul Hastings defendants") (DE 78). Issues raised are ripe for ruling. For the following reasons the court GRANTS these

motions.[1]

## STATEMENT OF THE CASE

The court refers to, and incorporates by reference, the statement of the case contained in its order entered November 6, 2013. As noted therein, the United States (subsequently dismissed as a party) removed the instant action to this court on September 4, 2013, substituting itself for four defendant federal judges. That same day, it filed its motion to dismiss, asserting that this court lacks subject matter jurisdiction over plaintiff's claims against it.

The Sony defendants filed their motion to dismiss on October 7, 2013. The Sony defendants assert that this court lacks subject matter jurisdiction to hear the claims against them. They argue that they lack the minimum contacts required for this court to assert personal jurisdiction over them, and that venue is improper in this district. They further contend that plaintiff's process and service thereof were improper. Finally, the Sony defendants urge that plaintiff fails to plead sufficient factual content to articulate a claim.

The Paul Hastings defendants also filed a motion to dismiss on October 7, 2013, maintaining they lack the requisite minimum contacts with this state for this court to properly exercise personal jurisdiction over them. They further contend that plaintiff failed to state a claim against them upon which relief can be granted.

---

[1] Defendants Marvin Baxter; Roger Boren; Ming Chin; Carol Corrigan; Court of Appeals Second Appellate District of California; Chief Justice Ronald George; Head of Judicial Council and Administration of 391 List CA Supreme Court; Joe Hilberman; Joyce Kennard; Linda Lefkowitz; Carlos Moreno; Superior Court of California, County of Los Angeles; Supreme Court of the State of California; The Judicial Council of California; The Judicial Council of California, Head of 391 Section; Kathryn Werdegar; and CA 2nd District Appeals Court were dismissed by order entered November 19, 2013. The court therefore, of its own initiative, amends the caption so to reflect.

**STATEMENT OF FACTS**

The facts as alleged in plaintiff's complaint against the Sony defendants and the Paul Hastings defendants, as augmented by plaintiff's responses in opposition to these defendants motions to dismiss – as well as facts of which this court takes judicial notice – are as follows.

A.  The Sony defendants

Plaintiff's allegations against the Sony defendants are not entirely clear. In substance, however, plaintiff appears to allege that he was terminated by defendant SPE, and then signed an "unfair settlement" relating to that termination. Compl. ¶ 2. He was denied worker's compensation due to actions by defendant SPE. Id. The actions of the Sony defendants and others aggravated plaintiff's post-traumatic stress disorder, anxiety disorder, and depression. Id. Plaintiff has filed numerous cases against the Sony defendants. See id. at ¶ 3. By order entered in Henderson v. Joe Hilberman et al., No. 07-cv-7714-ODW (C.D. Cal. Feb. 11, 2009), plaintiff's last case involving some of the Sony defendants – as well as the Paul Hastings defendants – plaintiff's claims against those defendants were dismissed for failure to state a claim. Sony Defs.' Ex. 1, Order Dismissing Complaint and Prohibiting Filing, 21. That order also declared plaintiff to be a vexatious litigant and prohibited him from pursuing further litigation against defendants SPE; Rosen Saba, LLP; James Rosen; the Paul Hastings defendants; and others involving claims "related to or arising out of [his] former employment or litigations with [defendant SPE] without court order." Id. at 20. Plaintiff appealed this order, and his appeal was dismissed as insubstantial. Compl. ¶ 4.

Plaintiff seeks an assortment of diverse remedies against the Sony defendants, including One Million Dollars ($1,000,000.00) from each individual defendant; the disbarment of defendants McColgan, Rosen, and Carrasco; and compensation for lost Social Security, pension, 401K funds,

3

medical expenses; and lost wages. Id. at ¶ 22. He further requests defendant SPE, in particular be required to pay him ten million dollars ($10,000,000.00), pay for all medical expenses necessary to return him to normal psychological health, and then hire him as a Financial Analyst or some similar position. Id. He requests that defendant Schmid & Voiles be required to pay him Five Hundred Thousand Dollars ($500,000.00). Id. He finally requests that the court grant "declaratory relief about how to get these defendants arrested" and asks that any defendants who used, or advocated the use of, California Code of Civil Procedure § 391 or Central District of California Local Rule 83-8 against him be declared traitors to the United States. Id.

B.      The Paul Hastings defendants

In many of plaintiff's suits against defendant SPE, brought in California state and federal courts, defendant SPE was represented by the Paul Hastings defendants. Id. at ¶ 3. The cases were dismissed based upon the arguments made by the Paul Hastings defendants. See, e.g., id. at ¶¶ 3(10), (11), (13), (14), (16), (24). Plaintiff asserts that throughout the course of these cases the Paul Hastings defendants lied, improperly withheld evidence, defamed him, and had a part in having him declared a vexatious litigant pursuant to California Code of Civil Procedure § 391. Id. at ¶¶ 3(10), (14), (16), (24).

Plaintiff asks that the Paul Hastings defendants be declared vexatious litigants. Id. at ¶ 6. He further requests that the individual Paul Hastings defendants be disbarred and required to pay him One Million Dollars ($1,000,000.00) each in damages. Id. at ¶¶ 14, 22. He asks that defendant Paul Hastings LLP be required to pay him ten million dollars ($10,000,000.00) and then be dissolved. Id. at ¶ 14.

4

## COURT'S DISCUSSION

A.      Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either assert the complaint fails to state facts upon which subject matter jurisdiction may be based or attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. The latter type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Id. Since the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Id.

Where the court addresses a Rule 12(b)(2) motion without the benefit of evidentiary hearing, but rather relies only on the motions papers, supporting memoranda, affidavits, and pleadings, the plaintiff's burden is to make a *prima facie* showing of personal jurisdiction. Carefirst of Maryland Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003). Ultimately, the burden of proof on the plaintiff is one of preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). In this context, the court construes the allegations in the light most favorable to the plaintiff, assumes credibility, and draws the most favorable inferences for the existence of jurisdiction. Carefirst, 334 F.3d at 396. To make out a *prima facie* showing of personal jurisdiction a plaintiff must make allegations that such jurisdiction exists. Clark v. Remark, 993 F.2d 228, 1993 WL 134616, at *2 (4th Cir. Apr. 29, 1993) (unpublished table decision).

5

The plaintiff may not rest on mere jurisdictional allegations where a defendant has countered those allegations with evidence that jurisdiction does not exist. Id. (citing Barclays Leasing v. Nat'l Bus. Sys., 750 F.Supp. 184, 186 (W.D.N.C. 1990)). Rather, plaintiff must come forward with affidavits or other evidence to counter defendant's arguments, and once both parties have presented evidence, factual conflicts are resolved in favor of the party asserting jurisdiction. Id. In construing the pleadings, affidavits, and other supporting documents in the light most favorable to plaintiff, the court does not "credit conclusory allegations or draw farfetched inferences." Masselli & Lane, P.C. v. Miller & Schuh, P.A., 215 F.3d 1320, 2000 WL 691100, at *1 (4th Cir. May 30, 2000) (unpublished table decision) (citations omitted).

A motion under Rule 12(b)(4) challenges the sufficiency of process, while Rule 12(b)(5) challenges the sufficiency of service of process. See Fed. R. Civ. P. 12(b)(5). "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process has been properly served. See McDaniel v. Greyhound Lines, Inc., No. 3:08-cv-130-FDW, 2008 WL 2704774, at * 4 (W.D.N.C. July 7, 2008); Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to eliminate claims that are factually or legally insufficient. Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007). To survive a motion to dismiss, a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In evaluating whether a claim is stated, "a court accepts all well-pled facts as true and construes these facts in the light most favorable" to the plaintiff, but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id.

A court may consider certain matters outside the pleadings, including matters of which a court may take judicial notice, on a Rule 12(b)(6) motion without converting it into one for summary judgment. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004 & Supp. 2007)). A court may take judicial notice of matters in the public record. See Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (citing Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986)).

B.  Analysis

  1.  The Sony Defendants' Motion to Dismiss

The Sony defendants urge that this court lacks subject matter jurisdiction over the claims against them where they are barred by *res judicata*. Under the doctrine of *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979). *Res judicata*, however, is an affirmative defense rather than a limit of this court's subject matter jurisdiction. See e.g., Clodfelter v. Republic of Sudan, 720 F.3d 199, 209 (4th Cir. 2013) (holding that in certain circumstances a

7

district court may *sua sponte* raise the affirmative defense of *res judicata*); Laber v. Harvey, 438 F.3d 404, 426 n. 22 (4th Cir. 2006) (concluding that while plaintiff's acceptance of part of a remedy my be relevant to evaluating whether his suit was barred by an affirmative defense such as *res judicata*, it was not relevant to the court's subject matter jurisdiction). Accordingly, the court must first consider defendants' other jurisdictional arguments. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (stating that courts must determine jurisdictional questions before reaching merits issues).[2]

The Sony defendants next argue that the court lacks personal jurisdiction over them. This court may not assert personal jurisdiction over a non-resident defendant, unless (1) the exercise of jurisdiction is authorized by North Carolina's long-arm statute, and (2) the exercise of personal jurisdiction comports with Fourteenth Amendment due process requirements. Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." Id. Therefore the two-pronged test merges into the single question of whether the "defendant has such 'minimal contacts' with the forum state that

---

[2] The Sony defendants further argue that this court has no jurisdiction where the United States District Court for the Central District of California entered an order prohibiting plaintiff from pursuing further litigation against certain defendants, including defendant SPE, "involving claims related to or arising out of [plaintiff's] former employment or litigations with Sony, without court order." Sony Defs.' Mot. to Dismiss Ex. 1, 17-18. First, the court notes that order only prohibits plaintiff from filing suit on this matter against a specifically named parties, and defendants Schmid & Voiles, Trailer Park, Inc., Kim Russo, Adela Carrasco, and Kathleen McColgan are not among those named. Id. Second, it is not clear that this order was meant to apply to federal courts outside of the Central District of California. See id. at 17.("[t]he Ninth Circuit has found an order preventing a litigant from filing *any* suit **in a particular district court** to be overbroad" (italics in original, bold emphasis added)). Third, the order does not state, as the Sony defendants claim, that plaintiff must obtain permission from the Central District of California to bring a suit in against the named parties relating to his prior employment or litigations; rather, it demands plaintiff obtain permission from "a district judge." Id. at 18. Finally, the Sony defendants offer no law in support of their argument that this order, even if it is effective in this district, would bar this suit by depriving this court of subject matter jurisdiction, and the court does not find this order would have such an effect. Where the court finds that plaintiff's claim against the Sony defendants should be dismissed on other grounds it need not determine the precise scope and impact of this pre-filing order.

8

'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"

Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 (1945)).

> [A] court may assert jurisdiction over a nonresident defendant through either of two independent avenues. First, a court may find specific jurisdiction based on conduct connected to the suit. If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. Second, a court may exercise personal jurisdiction under the theory of general jurisdiction, which requires a more demanding showing of continuous and systematic activities in the forum state.

Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2012) cert. denied, 133 S. Ct. 846 (2013) (citations omitted). To determine if it has specific jurisdiction, the court considers: (1) the extent to which a defendant purposefully availed itself of the privilege of conducting activity in the forum state, or otherwise invoked the benefits and protections its laws; (2) whether the plaintiff's claims arose out those activities directed at the forum state; and (3) whether exercising personal jurisdiction is constitutionally reasonable. CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 294 (4th Cir. 2009).

Plaintiff argues in his response in opposition the Sony defendants' motion to dismiss that the court has personal jurisdiction over all of the Sony defendants because he was in North Carolina during the pendency of this case, and a previous case involving these defendants, and they corresponded in writing. When considering "whether the claim of a *pro se* plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff." Garrett v. Elko, 120 F.3d 261, 1997 WL 457667 at *1 (4th Cir. Aug 12, 1997) (unpublished table decision). Thus the court considers allegations made in plaintiff's response. This allegation, however, would not support finding that the Sony defendants purposefully availed themselves of the privilege of conducting activity here as these

9

contacts are the result of plaintiff's decision to file a suit while living here. These allegations thus cannot support personal jurisdiction over the remaining Sony defendants. See Craig v. General Finance Corp. of Illinois, 504 F. Supp. 1033, 1039 (D.Md. 1980) (concluding that Maryland could not constitutionally assert personal jurisdiction over an Illinois defendant that used the mail and telephone to attempt to collect a debt originating in Illinois from a plaintiff who had moved to Maryland).

Plaintiff also alleges in his response that "[defendant SPE] does business in NC all the time. They show their movies and TV shows in NC and sell their electronic products in NC." Pl.'s Resp. Opp'n. Sony Defs.' Mot. to Dismiss 8. Reading this allegation broadly in light of plaintiff's *pro se* status, the court finds plaintiff has alleged defendant SPE conducts a broad range of business activity, beyond simply selling their goods here. Thus, the court finds that with respect to defendant SPE only, plaintiff has made allegations sufficient to support a finding general personal jurisdiction at this stage of proceedings. The remaining Sony defendants, however, are dismissed for lack of personal jurisdiction.

Defendant SPE[3] contends that plaintiff's process and service of process were insufficient, and the court therefore lacks jurisdiction over it. However, "[w]hen service of process gives a defendant actual notice of the pending action, the courts may construe the Federal Rules of Civil Procedure liberally to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits." Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 774-75 (E.D.N.C. 2011) (quotations omitted). Because defendant SPE had actual notice of this action, under the circumstances of this case, the court finds dismissal on this basis unwarranted at

---

[3] Where the court has found it proper to dismiss all of the other Sony defendants pursuant to Rule 12(b)(2), it will consider all other arguments raised by the Sony defendants with respect to defendant SPE only.

10

this time.

These jurisdictional issues aside, the court returns to the question of whether plaintiff's claims against defendant SPE are barred by *res judicata*. "Under the doctrine of *res judicata* . . . a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." Pueschel v. United States, 369 F.3d 345, 354 (4th Cir 2004). *Res judicata* applies when there is (1) a final judgment on the merits in a prior suit; (2) the parties in the prior action are the same, or in privity with the parties in the instant action; and (3) the causes of action in the two suits are the same. Martin v. Am. Bancorporation Ret. Plan, 407 F.3d 643, 650 (4th Cir. 2005) (quotations omitted).

"A dismissal . . . other than a dismissal for lack of jurisdiction, improper venue, or failure to join a party under Rule 19[]operates as an adjudication upon the merits." Fed. R. Civ. P. 42(b). Plaintiff's litigation in the Central District of California in the case Henderson v. Joe Hilberman et al., No. 07-cv-7714-ODW (C.D. Cal. Feb. 11, 2009), ended in a dismissal with prejudice for failure to state a claim pursuant to Rule 12(b)(6). See Sony Defs.' Mot. to Dismiss Ex. 1 at 21. Thus it was an adjudication on the merits. Plaintiff sued defendant SPE in that action, thus the parties were the same in that suit. See id. at 2. Finally, two suits are considered to arise out of the same causes of action for purposes of *res judicata* if they "arise out of the same transaction or series of transactions or the same core of operative facts." Pueschel, 369 F.3d at 355. It is clear that the previous Hilberman case arose out of the same core of operative facts as the instant case. See Sony Defs.' Mot. to Dismiss Ex. 1 at 3-4. Thus plaintiff's claims against defendant SPE are barred by *res judicata* and must be dismissed.

11

2. The Paul Hastings Defendants' Motion to Dismiss

The Paul Hastings defendants argue that this court does not have personal jurisdiction over them. The court agrees, and so will not reach other issues these defendants raise. The Paul Hastings defendants have all presented evidence in the form of sworn declarations showing that they do not conduct continuous and systematic activities in this state. None of the individual defendants have resided here, they do not own property or conduct business here, they are not licensed to practice law here, and have not represented clients here. See Coddon Aff. ¶¶ 2, 4-5; Zapp Aff. ¶¶ 2, 4-5; Lake Aff. ¶¶ 2, 4-5; Dow Aff. ¶¶ 2, 4-5. Furthermore, defendant Paul Hastings LLP is not registered to do business in North Carolina, and has neither an office nor employees here. Benz Aff. ¶¶ 4-5. Plaintiff has presented no contrary evidence. Accordingly, this court may not properly exercise general personal jurisdiction over the Paul Hastings defendants.

This court also lacks specific personal jurisdiction over these defendants. Plaintiff's claims arise out of the Paul Hastings defendants' representation of defendant Sony Pictures Entertainment in cases brought by plaintiff in the courts in California. Thus none of plaintiff's claims arise out of activities directed at North Carolina, and it would not be constitutionally reasonable for the court to exercise personal jurisdiction over the Paul Hastings defendants in this case. See CFA Inst., 551 F.3d at 294. Moreover, any correspondence these defendants had with plaintiff regarding this and a prior case brought by plaintiff does not constitute purposeful availment of the privilege of conducting activities in this state and does not give a ground for this court's exercise of personal jurisdiction over them. See Craig, 504 F. Supp. at 1039. Therefore the court has no specific jurisdiction over the Paul Hastings defendants and must dismiss plaintiff's claims against them.
12

## CONCLUSION

Based upon the foregoing, the court lacks jurisdiction over the Paul Hastings defendants and the over the Sony defendants save defendant SPE. Plaintiff's claims against defendant SPE are barred by *res judicata*. Accordingly, the court GRANTS the motions to dismiss by these defendants (DE 71, 78).

SO ORDERED, this the 20th day of November, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge