IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-635-FL

| | |
|---|---|
| GLENN HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LOS ANGELES COUNTY; LOS ANGELES | )   ORDER |
| COUNTY DA'S OFFICE; PETER GLICK; | ) |
| STEVE COOLEY; CLINTON & CLINTON; | ) |
| DAVID CLINTON; ESIS ACE USA; LAPD; | ) |
| COLLEEN R. SMITH; SANDRA BARRIENTO; | ) |
| OPEIU NY; CALIFORNIA ATTORNEY | ) |
| GENERAL'S OFFICE, | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on plaintiff's request for entry of default and for default judgment against defendants Los Angeles County, Los Angeles County DA's Office, Peter Glick ("Glick"), Steve Cooley ("Cooley"), OPEIU NY, Clinton & Clinton, and David Clinton (DE 91). For reasons given the court denies this motion.[1]

**BACKGROUND**

The court refers to, and incorporates by reference, the statement of the case contained in its order entered November 6, 2013. As noted therein, the United States (subsequently dismissed as a party) removed the instant action to this court on September 4, 2012, substituting itself for four

---

[1] Defendants Sony Pictures Entertainment, Schmid & Voiles, Rosen & Saba LLP, Trailer Park, Inc., Kim Russo, James Rosen, Adela Carrasco, Kathleen McColgan, Eve Coddon, Amy Dow, Holly Lake, Paul Hastings LLP, and James Zapp were dismissed by order entered November 20, 2013. The court therefore, of its own initiative, amends the caption to so reflect.

defendant federal judges. That same day, it filed its motion to dismiss, asserting that this court lacks subject matter jurisdiction over plaintiff's claims against it. Numerous other defendants also filed motions to dismiss, and these motions were granted by orders entered earlier. In their motions to dismiss, many of these former defendants, including Bank of New York Mellon, Sony Pictures Entertainment, Schmid & Voiles, Kim Russo, James Rosen, Adela Carrasco, Kathleen McColgan, Eve Coddon, Amy Dow, Holly Lake, James Zapp, and Paul Hastings LLP, complained of issues in plaintiff's service of process and/or process itself. Plaintiff filed the instant motion for default and default judgment on October 11, 2013.

## COURT'S DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). It is "axiomatic," however, that effective service of process on a defendant must be accomplished as a prerequisite for entry of default against that defendant. Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996). This is because a defendant's duty to respond to a complaint only arises upon proper service of process. Fed. R. Civ. P. 12(a); see also Scott v. District of Columbia, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) ("Because service on the District was not sufficient, its obligation to plead or otherwise respond had actually not arisen."). The court cannot determine on the record presented the status of service as to those defendant against whom plaintiff now moves, and the other, remaining defendants.

Thus, plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered. Except where service is made by a United States marshal or deputy marshal, proof of service must be made to the court by the server's affidavit. Fed. R. Civ.

2

P. 4(l)(1).

In this case, plaintiff has failed to file proof of service in accordance with Rule 4(l)(1) for any defendants. While plaintiff has filed United States Postal Service receipts, these do not, in the form provided, meet the requirements of Rule 4(l)(1). Accordingly, plaintiff has not shown that proper service has been made, and that the defendants against whom plaintiff is seeking default have failed to plead or otherwise defend. Thus plaintiff's request for entry of default and motion for default judgment is denied.

Moreover, even assuming that the contents of the process which plaintiff attempted to serve on the defendants against whom he seeks default were proper, deficiencies in plaintiff's service of the same appear in what he has filed in an attempt to prove service.

First with respect to defendant Los Angeles County, plaintiff has filed a certified mail receipt for process addressed to "Los Angeles County" at "648 Kenneth Hahn Hall of Administration 500 W. Temple St. Los Angeles, CA 90012." Pl.'s Mot. for Default and Default J. Ex. 1, Domestic Return Receipts 1. To serve a state or local government, a plaintiff must either deliver a copy of the summons and complaint to that local government's chief executive officer, or make service in accordance with the state law on that defendant. Fed. R. Civ. P. 4(j)(2). California Code of Civil Procedure § 416.50(a) provides that a "summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." A "public entity" is defined to include a county. Id. at § 416.50(b).

Here plaintiff simply addressed service to "Los Angeles County" and not to its "chief executive officer," Fed. R. Civ. P. 4(j)(2)(a) or its "clerk, secretary, president, presiding officer or

other head of its governing body." Cal. Civ. Proc. Code § 416.50(a). Thus, proper service of this defendant was not accomplished under Rule 4(j)(2). Similarly, for defendant Los Angeles County DA's Office, plaintiff filed a receipt showing he attempted to serve this defendant by sending something to the same address as above to "Los Angeles District Attorney's Office." Domestic Return Receipts 1. Thus, the same deficiencies lie with service of this defendant as with defendant Los Angeles County.

Next, plaintiff filed certified mail receipts showing he attempted to serve defendants Glick and Cooley at the same address as defendants Los Angeles County and Los Angeles County DA's Office. The signatures on these receipts show that the same person accepted service for all four of these defendants. Thus it appears plaintiff attempted to serve defendants Glick and Cooley by certified mail at a place of business. It also appears plaintiff attempted to serve defendant David Clinton by certified mail at "100 Oceangate, 14th Floor Long Beach, CA 90802." This appears to also be a place of business as plaintiff filed a receipt indicating he attempted to serve defendant Clinton & Clinton at the same address.

Individuals must be served in one of several ways: first, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1); second, by delivering process to the individual personally, Fed. R. Civ. P. 4(e)(2)(A); third, by leaving process at their "dwelling or abode" with a person of suitable age and discretion, Fed. R. Civ. P. 4(e)(2)(B); finally, process may be delivered to an agent authorized by appointment or law to receive service of process, Fed. R. Civ. P. 4(e)(2)(C). Where service was sent by certified mail to a place of business, it is clear that the requirements of Rule 4(e)(2) were not met. The court therefore examines whether service was

4

other head of its governing body." Cal. Civ. Proc. Code § 416.50(a). Thus, proper service of this defendant was not accomplished under Rule 4(j)(2). Similarly, for defendant Los Angeles County DA's Office, plaintiff filed a receipt showing he attempted to serve this defendant by sending something to the same address as above to "Los Angeles District Attorney's Office." Domestic Return Receipts 1. Thus, the same deficiencies lie with service of this defendant as with defendant Los Angeles County.

Next, plaintiff filed certified mail receipts showing he attempted to serve defendants Glick and Cooley at the same address as defendants Los Angeles County and Los Angeles County DA's Office. The signatures on these receipts show that the same person accepted service for all four of these defendants. Thus it appears plaintiff attempted to serve defendants Glick and Cooley by certified mail at a place of business. It also appears plaintiff attempted to serve defendant David Clinton by certified mail at "100 Oceangate, 14th Floor Long Beach, CA 90802." This appears to also be a place of business as plaintiff filed a receipt indicating he attempted to serve defendant Clinton & Clinton at the same address.

Individuals must be served in one of several ways: first, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1); second, by delivering process to the individual personally, Fed. R. Civ. P. 4(e)(2)(A); third, by leaving process at their "dwelling or abode" with a person of suitable age and discretion, Fed. R. Civ. P. 4(e)(2)(B); finally, process may be delivered to an agent authorized by appointment or law to receive service of process, Fed. R. Civ. P. 4(e)(2)(C). Where service was sent by certified mail to a place of business, it is clear that the requirements of Rule 4(e)(2) were not met. The court therefore examines whether service was

4

proper under Rule 4(e)(1) by examining whether it fulfilled the requirements of California or North Carolina state law – the respective states where service was made and where this district court is located.

Under California state law individuals may be personally served. If such service is not possible with reasonable diligence, a plaintiff may serve that individual by delivering a copy of process at that individual's home, usual place of business, or other usual mailing address other than a post office box. The delivery must occur in the presence of a competent household member or person apparently in charge of the place of business or usual mailing address who is at least eighteen (18) years old. This person must be informed of the contents of the process, and a copy of the process must thereafter be mailed by first-class mail, postage prepaid, to the individual to be served at the place where the first copy of process was left. Cal. Civ. Proc. Code § 415.20. Here, there is no evidence of such delivery, therefore service does not appear to be proper under California law.

Under North Carolina state law, a plaintiff may serve an individual by certified mail, but process must be addressed to the party to be served, and delivery made to that addressee. N.C. R. Civ. P. 4(j)(1)(c). The receipts filed by plaintiff show that delivery of the certified mail was not made to defendants Glick and Cooley, but to an agent. <u>See</u> Domestic Return Receipts 2. While the receipt for defendant David Clinton does not indicate whether it was received by defendant David Clinton or an agent, the signature does not appear to be his, suggesting delivery was also made to an agent in that instance.

> Before judgment by default may be had on service by registered or certified mail . . . the serving party shall file an affidavit with the court showing proof of such service in accordance with the requirements of G.S. 1-75.10(a)(4) . . . . This affidavit together with the return receipt . . . signed by the person who received the mail or delivery if not the addressee raises a presumption that the person who received the mail or delivery and signed the receipt was an agent of the addressee authorized by

5

appointment or by law to be served or to accept service of process . . . .

N.C. R. Civ. P. 4(j2)(2). Here, plaintiff has filed no affidavit in accordance with this rule. Accordingly, plaintiff has not sufficiently raised the presumption that the person who received the mail was an agent authorized to accept service and therefore cannot obtain default against these defendants under North Carolina law.

As mentioned above, plaintiff attempted to serve defendant Clinton & Clinton by certified mail at the same address as defendant David Clinton. Domestic Return Receipts 3. The mailing was addressed to "Clinton & Clinton." Id. To serve a corporation, partnership, or association, a plaintiff must either deliver a copy of process to "an officer, managing or general agent, or any other agent authorized . . . to receive service of process" or by following the law of the state in which either the court is located or service is made. Fed. R. Civ. P. 4(h). Plaintiff's mailing was not addressed to an officer, managing or general agent, or any other agent of Clinton & Clinton. Thus, the court looks again to California and North Carolina law.

In California, a summons may be served on an unincorporated association by delivering process to "the person designated as agent for service of process in a statement filed with the Secretary of State or to a general partner or the general manager of the partnership" if the association is a general or limited partnership. Cal. Civ. Proc. Code. § 416.40(a). If the association is not a general or limited partnership, a summons may be served by delivering process to the person,

> designated as agent for service of process in a statement filed with the Secretary of State or to the president or other head of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the association to receive service of process.

Id. at § 416.40(b). Here, plaintiff addressed service to "Clinton & Clinton," and not to any designated agent, general partner, head of the association, or any other individual noted by section

6

416.40. Therefore service was not proper under California law.

In North Carolina, to properly serve a corporation, partnership, or other association, service also must be directed to an appropriate officer, partner, agent, *et cetera*. See N.C. R. Civ. P. 4(j)(6), (7), (8). Therefore service simply directed to "Clinton & Clinton" was not proper under North Carolina law. Accordingly, defendant Clinton & Clinton was not properly served.

Finally, for defendant OPEIU NY, plaintiff filed a certified mail receipt suggesting process was addressed to "OPEIU NY Presidents [sic] Office 80 8th Ave., 20th Floor New York, NY 10011." Domestic Return Receipts 2. Because process was mailed, and not delivered, the court again looks to state law to determine if process was properly effected thereunder, fulfilling the requirements of Federal Rule of Civil Procedure 4(h).

To serve an unincorporated association by mail under North Carolina law, process must be mailed by "registered or certified mail, return receipt requested, addressed to the officer, director, agent or member of the governing body." N.C. R. Civ. P. 4(j)(8)(c). North Carolina appellate courts have repeatedly held that the rules governing service of process are to be strictly construed. See e.g., Mabee v. Onslow Cnty. Sheriff's Dep't, 174 N.C. App. 210, 211-12, 620 S.E.2d 307, 308 (2005); Greenup v. Register, 104 N.C. App. 618, 620, 410 S.E.2d 398, 400 (1991); Johnson v. City of Raleigh, 98 N.C. App. 147, 149, 389 S.E.2d 849, 851 (1990). In this case, plaintiff appears to have tried to route service to the President of defendant OPEIU NY, but service was not addressed to any officer, director, managing agent, or member of the governing body of defendant OPEIU NY. Thus service was not properly effected under North Carolina law.

Under New York law,

> the service of summons, subpoena or other legal process of any court upon the president, vice president, treasurer, assistant treasurer, secretary, assistant secretary,

7

or business agent, in his capacity as such, shall constitute service upon a labor organization. Such service shall be made on such individuals in the manner provided by law for the service of a summons on a natural person.

N.Y. Gen. Ass'ns Law § 13. Service by mail alone is not sufficient to serve a natural person in New York. See N.Y. C.P.L.R. 308 (outlining requirements for service of a natural person in New York). Thus, defendant OPEIU NY does not appear to have been properly served.

For all of the reasons noted, the instant motion must be and is denied. As to continued progress of the case, plaintiff is ordered to file, within twenty-one (21) days from date of entry of this order, server's affidavits in accordance with Rule 4(l)(1) as to each and every remaining defendant against whom plaintiff wishes to proceed, or where service is outstanding, show good cause for failure to serve sufficient for the court to extend the service deadline for an appropriate period.

Should plaintiff fail so to do for any or all of the remaining defendants, this action will be deemed abandoned as to a particular defendant for failure to prosecute.

## CONCLUSION

Based upon the foregoing, plaintiff's request for entry of default and motion for default judgment (DE 91) is DENIED. Should plaintiff wish to proceed in this case, plaintiff is DIRECTED to file affidavit or such other proof of service required as to each and every remaining defendant within twenty-one (21) days of entry of this order, or, where service is outstanding, to show good cause within twenty-one (21) days of entry of this order for failure to serve. Should plaintiff fail so to do as prescribed, the action will be deemed abandoned as to a particular defendant for failure to prosecute.

8

SO ORDERED, this the 3rd day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

9