IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-635-FL

| | |
|---|---|
| GLENN HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LOS ANGELES COUNTY; LOS ANGELES | )   ORDER |
| COUNTY DA'S OFFICE; PETER GLICK; | ) |
| STEVE COOLEY; CLINTON & CLINTON; | ) |
| DAVID CLINTON; ESIS ACE USA; LAPD; | ) |
| COLLEEN R. SMITH; SANDRA BARRIENTO; | ) |
| OPEIU NY; CALIFORNIA ATTORNEY | ) |
| GENERAL'S OFFICE, | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on the motion to dismiss filed by defendants County of Los Angeles ("LA County"), Los Angeles County DA's Office ("LA DA"), Steve Cooley ("Cooley") and Peter Glick ("Glick") (collectively, "the Los Angeles defendants"), made pursuant to Rules 12(b)(1), (2), and (6) (DE 119). Also before the court is the motion to dismiss filed by defendants Sandra Barrientos ("Barrientos") and the State of California, acting by and through its Department of Justice ("California AG"), made pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6) (DE 101).[1] For reasons that follow, the court will GRANT these motions.

---

[1] Defendants LA County, Barrientos, and California AG are listed in the caption of the complaint as Los Angeles County, Sandra Barriento, and California Attorney General's Office.

## STATEMENT OF THE CASE

The court refers to, and incorporates by reference, the statement of the case contained in its order entered November 6, 2013. As noted therein, the United States (subsequently dismissed as a party) removed the instant action to this court on September 4, 2013, substituting itself for four defendant federal judges. That same day, it filed its motion to dismiss, asserting that this court lacks subject matter jurisdiction over plaintiff's claims against it. This motion was granted by order entered November 18, 2013. Numerous other defendants also filed motions to dismiss, which the court granted by orders entered November 6, 18, 19, and 20, 2013.

On November 15, 2013, defendants Barrientos and California AG filed their motion to dismiss. Therein, defendants Barrientos and California AG assert that they lack the minimum contacts with North Carolina required for this court to assert personal jurisdiction over them. They also maintain the plaintiffs' claims against them are barred by sovereign immunity and that plaintiff fails to articulate a claim against them.

The Los Angeles defendants later filed their motion to dismiss (DE 119), contending that this court lacks personal jurisdiction over them. The Los Angeles defendants also maintain that the court has no subject matter jurisdiction where plaintiff's claims are barred by the Rooker-Feldman doctrine, and the Eleventh Amendment to the United States Constitution, that plaintiff fails to state a claim against them, and that plaintiff lacks standing to bring his claims against them.

## STATEMENT OF FACTS

Plaintiff's complaint contains no factual claims against defendant Barrientos, and only one brief allegation against defendant California AG. More specifically, plaintiff asserts that "[t]he LA DA's office, CA DOJ, and USDOJ would not help me with my problems with Sony." Compl. ¶ 2.

With respect to the Los Angeles defendants, plaintiff appears to allege that he was harassed by employees of defendant LA County. See id. ¶ 12 ("I was harassed by state employees and county employees."). Plaintiff's allegations with respect to defendant LA DA are as follows: "[t]he LA DA's office, CA DOJ, and USDOJ would not help me with my problems with Sony." Id. ¶ 2. It also did not respond to written correspondence he sent regarding whether an email he sent to the CEO of Sony was "okay and free speech." Id. ¶ 3(10). Plaintiff also sent emails to defendant LA DA about "incidents" after the last case he filed in California to which it did not respond. Id. ¶ 6. Regarding defendant Glick, plaintiff alleges that he had California Code of Civil Procedure § 391 applied to him. Id. ¶¶ 3(17), 8. Plaintiff does not mention defendant Cooley in his complaint. In his response in opposition to the Los Angeles defendants' motion, however, plaintiff asserts that defendant Cooley worked at LA DA, where he supervised defendant Glick, who also worked there. Pl.'s Resp. Opp'n to Los Angeles Defs.' Mot. to Dismiss 2.[2]

### COURT'S DISCUSSION

A.  Standard of Review

Where the court addresses a Rule 12(b)(2) motion without the benefit of evidentiary hearing, but rather relies only on the motions papers, supporting memoranda, affidavits, and pleadings, the plaintiff's burden is to make a *prima facie* showing of personal jurisdiction. Carefirst of Maryland Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003). Ultimately, the burden of proof on the plaintiff is one of preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). In this context, the court construes

---

[2] When considering "whether the claim of a *pro se* plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff." Garrett v. Elko, No. 95-7939, 1997 WL 457667 at *1 (4th Cir. Aug 12, 1997). Thus, the court considers allegations made in plaintiff's responses to the instant motions.

3

the allegations in the light most favorable to the plaintiff, assumes credibility, and draws the most favorable inferences for the existence of jurisdiction. Carefirst, 334 F.3d at 396. To make out a *prima facie* showing of personal jurisdiction a plaintiff must make allegations that such jurisdiction exists. Clark v. Remark, No. 92-1682, 1993 WL 134616, at *2 (4th Cir. Apr. 29, 1993).

The plaintiff may not rest on mere jurisdictional allegations where a defendant has countered those allegations with evidence that jurisdiction does not exist. Id. (citing Barclays Leasing v. Nat'l Bus. Sys., 750 F.Supp. 184, 186 (W.D.N.C. 1990)). Rather, plaintiff must come forward with affidavits or other evidence to counter defendant's arguments, and once both parties have presented evidence, factual conflicts are resolved in favor of the party asserting jurisdiction. Id. In construing the pleadings, affidavits, and other supporting documents in the light most favorable to plaintiff, the court does not "credit conclusory allegations or draw farfetched inferences." Masselli & Lane, P.C. v. Miller & Schuh, P.A., No. 99-2440, 2000 WL 691100, at *1 (4th Cir. May 30, 2000) (quotations omitted).

B.   Analysis

As an initial matter, plaintiff has clarified that he did not mean to name defendant Barrientos as a defendant. Thus, any claims that against her are withdrawn. As to defendant California AG and the Los Angeles defendants (collectively, "these defendants"), they maintain that plaintiffs claims against them must be dismissed because, among other reasons, the court lacks personal jurisdiction over them. The court agrees that it lacks personal jurisdiction over these defendants, and therefore does not reach the other arguments raised.

This court may not assert personal jurisdiction over a non-resident defendant, unless (1) the exercise of jurisdiction is authorized by North Carolina's long-arm statute, and (2) the exercise of

4

personal jurisdiction comports with Fourteenth Amendment due process requirements. Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." Id. Therefore the two-pronged test merges into the single question of whether the "defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 (1945)).

> [A] court may assert jurisdiction over a nonresident defendant through either of two independent avenues. First, a court may find specific jurisdiction based on conduct connected to the suit. If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. Second, a court may exercise personal jurisdiction under the theory of general jurisdiction, which requires a more demanding showing of continuous and systematic activities in the forum state.

Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2012)(internal quotations omitted).

Plaintiff does not allege any jurisdictional facts showing that these defendants – all of whom are from California – have conducted "continuous and systematic activities" within North Carolina; therefore the court does not have general personal jurisdiction over these defendants. Tire Eng'g & Distribution, LLC, 682 F.3d at 301. To determine if it has specific jurisdiction over these defendants, the court considers: (1) the extent to which these defendants purposefully availed themselves of the privilege of conducting activity in North Carolina, or otherwise invoked the benefits and protections its laws; (2) whether the plaintiff's claims arose out those activities directed at North Carolina; and (3) whether exercising personal jurisdiction is constitutionally reasonable. CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 294 (4th Cir. 2009).

5

These defendants are the State of California acting through its Department of Justice, the County of Los Angeles, the County of Los Angeles's District Attorney's Office, and two individuals residing in California. All of these defendants are located in California, and plaintiff complains of actions taken by these defendants in California, with respect to litigation occurring in California. There are no allegations of these defendants purposefully availing themselves of the privilege of conducting activity in North Carolina or invoking the benefits and protections of its laws, nor do plaintiff's claims arise out of any such activities. Thus, the exercise of personal jurisdiction over these defendants is unreasonable and the court lacks specific jurisdiction over them.

In response to defendant California AG's motion, plaintiff argues that personal jurisdiction is proper because attorneys from the North Carolina Department of Justice represent it in the instant matter. Pl.'s Resp. Opp'n. Def. California AG's Mot. to Dismiss 2-3. This does not give the court a basis upon which to exercise personal jurisdiction over defendant California AG where it did not "purposefully avail" itself of the privilege of conducting activities here, rather it was plaintiff who instituted the suit here. Furthermore, Defendant California AG's activity, if it can be called activity, in being represented by attorneys from the North Carolina Department of Justice, does not give rise to any of plaintiff's claims. See CFA Inst., 551 F.3d at 294

Plaintiff attempts to show that this court has personal jurisdiction over the Los Angeles defendants by stating in his response to their motion that he sent emails to the Los Angeles defendants while he was in North Carolina, and they did not respond. Pl.'s Resp. Opp'n to Los Angeles Defs.' Mot. to Dismiss 5. He also says that they would not investigate his complaints or give him advice on what he could do. Id. This inaction with respect to North Carolina does not give rise to personal jurisdiction. See Hanson v. Denckla, 357 U.S. 235, 253 (1958) (stating that a court

6

has personal jurisdiction only when "the defendant purposefully avails itself of the privilege of conducting activities within the forum State").

Plaintiff also argues that this court has jurisdiction because he owned a house in North Carolina while living in California, where the alleged wrongs occurred. Pl.'s Resp. Opp'n to Los Angeles Defs.' Mot. to Dismiss 5. The mere fact that plaintiff owned property in this state does not mean that acts committed in California with respect to plaintiff, who was then present in California, do not create such minimum contacts with North Carolina so as to allow this court to exercise personal jurisdiction over the Los Angeles defendants. See Hanson, 357 U.S. at 253. Based on the foregoing, the instant motions to dismiss are granted.

## CONCLUSION

For reasons given, where plaintiff's claims against defendant Barrientos are withdrawn, and where this court does not have jurisdiction to hear plaintiff's complaints against defendant California AG and the Los Angeles defendants, the court GRANTS the motions to dismiss by defendants Barrientos and California AG, and by the Los Angeles defendants (DE 101, 119).

SO ORDERED, this the 17th day of April, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge