IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-635-FL

| | | |
|---|---|---|
| GLENN HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>CLINTON & CLINTON, DAVID CLINTON, ESIS ACE USA, LAPD, COLLEEN R. SMITH, OPEIU NY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter comes before the court on motion to dismiss by defendant Office and Professional Employees International Union ("OPEIU NY")[1] pursuant to Federal Rules of Civil Procedure 12(b)(5), (6), and 41(b) (DE 128); motion to dismiss by defendant LAPD pursuant to Rules 12(b)(2) and (6) (DE 142); and motion to dismiss by defendant ESIS Ace USA ("ESIS") pursuant to Rule 12(b)(6) (DE 148). Also before the court is plaintiff's motion for relief, pursuant to Federal Rule of Civil Procedure 60, from this court's dismissal of various defendants (DE 133). Finally before the court are plaintiff's responses, or lack thereof, to the court's order entered December 4, 2013, order[2] directing him to show proof of service as to remaining defendants. For reasons that follow, the court will GRANT the motions to dismiss and DENY plaintiff's motion, DISMISS defendant Colleen R. Smith ("Smith") and DIRECT plaintiff to show cause within

---

[1] Defendant Office and Professional Employees International Union was listed in the caption of the complaint as OPEIU NY.

[2] This order was signed December 3, 2013, but appears on the docket at December 4, 2013. Accordingly, the court refers to this order as the December 4, 2013, order.

fourteen (14) days of entry of this order as to why he failed to timely serve defendants Clinton & Clinton and David Clinton.[3]

## STATEMENT OF THE CASE

The court refers to, and incorporates by reference, the statement of the case contained in its order entered November 6, 2013. As noted therein, the United States (subsequently dismissed as a party) removed the instant action to this court on September 4, 2013, substituting itself for four defendant federal judges. That same day, it filed its motion to dismiss, asserting that this court lacks subject matter jurisdiction over plaintiff's claims against it. This motion was granted by order entered November 18, 2013. Numerous other defendants also filed motions to dismiss, which the court granted by orders entered November 6, 18, 19, and 20, 2013, and April 17, 2014.

In order entered December 4, 2013, the court denied plaintiff's motion for default against various defendants, stating, various defendants, including defendants OPEIU NY, Clinton & Clinton, and David Clinton, did not appear to have been properly served . Where plaintiff had not filed proof of service as to any defendant, the court further directed plaintiff to file within twenty-one (21) days after entry of that order, proof of service as to each defendant against whom he wished to proceed, or where service was outstanding to show good cause for failure to serve. On April 16, 2014, proof of service as to defendants OPEIU NY, Clinton & Clinton, and David Clinton was filed, indicating that these defendants were served on April 2, 2014, March 27, 2014, and March 24, 2014, respectively.

---

[3] Defendants County of Los Angeles, Los Angeles County DA's Office; Peter Glick; Steve Cooley, Sandra Barrientos, and the State of California, acting by and through its Department of Justice, were dismissed by order entered April 17, 2014. The court therefore, of its own initiative, amends the caption so to reflect.

On April 21, 2014, defendant OPEIU NY filed its motion to dismiss. Therein, this defendant asserts (1) that plaintiff failed to timely serve it, thereby depriving this court of personal jurisdiction over it; (2) that plaintiff failed to comply with this court's December 4, 2014, order that he file proof of service with respect to defendant OPEIU NY or show good cause for failure to serve, warranting dismissal pursuant to Rule 41(b); (3) that many of plaintiff's claims against defendant OPEIU NY are barred by collateral estoppel; and (4) that plaintiff fails to state any valid claims against defendant OPEIU NY due to the factual insufficiency of his complaint, applicable statutes of limitations, and the fact that defendant OPEIU NY was not his exclusive bargaining representative.

On May 9, 2014, plaintiff filed a "Motion for Relief of Judgments or Orders Under FRCP 60," in which he requests the court reconsider many of its previous orders dismissing certain defendants from this case.

Defendant LAPD filed its motion to dismiss on June 11, 2013, contending that it lacks the minimum contacts with North Carolina required for this court to assert personal jurisdiction over it. It also argues that plaintiff's claims against it are barred by the statutes of limitations. Finally, it maintains that plaintiff has not provided any specific facts in his complaint that would state a valid cause of action against.

Also on June 11, 2013, defendant ESIS filed a motion to dismiss contending that plaintiff fails to state a claim against them, and that plaintiff's claims are bared by the statute of limitations and *res judicata*.

## STATEMENT OF FACTS

A. Defendant OPEIU NY

Plaintiff's allegations relating to defendant OPEIU NY (including those relating to his local union, previously dismissed as a defendant from this lawsuit[4]) are as follows: Plaintiff's union would not adequately help him, and his representative lied in court papers when he was wrongfully punished and terminated by his former employer, Sony Pictures Entertainment ("SPE"). Compl. ¶ 2. A union representative falsely informed him that "they had done all they were required to do" in connection with his grievances against SPE. Id. ¶ 3(8). This union representative also "spoke with SPE and investigated on her own after [plaintiff's] termination" from SPE, but did not ever speak with plaintiff or his witnesses or go over his evidence. Id. Plaintiff asserts that he later sued (apparently his local union[5]) regarding "defamation in court papers" that constituted "retaliation by the union and union representative." Id. ¶ 3(20). In a subsequent lawsuit, (again, apparently against his local union) plaintiff "tried to use RICO about what my union had done over the years." Id. ¶ 3(23). Finally, plaintiff alleges that his issues with his union were raised in other cases he mentions throughout his complaint. Id. ¶ 21.

Attached to defendant OPEIU NY's motion to dismiss is the declaration of Sandra Bartice stating that she is an administrative assistant employed by defendant OPEIU NY, and that a messenger delivered a summons issued in the instant lawsuit on April 1, 2014.

---

[4] Plaintiff was a member of the Office and Professional Employees International Union Local 174, which he also named as a defendant in the instant case.

[5] While it is not entirely clear, it appears from plaintiff's complaint in the instant matter that in the prior suit was against Local 174, and not OPEIU NY.

B. Defendant LAPD

Plaintiff alleges the following against defendant LAPD in his complaint:

- Defendant LAPD was "supposed to stop the wrongs others have done to me and others. I did not get the due process of talking with someone about all my problems. My sources of aid were cut off and the government would not help me." Compl. ¶ 15.
- "The government and law enforcement agencies are not immune under RlCO." Id.
- "I complained to the LAPD about problems with people. . . . Some people get their complaints addressed or filed. I did not get equal protection of that or the LAPD "broken window" policy. I did not get due process. [42 U.S.C. § ]1983 and C[alifornia Civil Code §] 43 support." Id.

Defendant LAPD attached the declaration of Stephen R. Jacobs ("Jacobs Decl.") to its memorandum in support of its motion to dismiss. Therein Jacobs declares that he is Chief of Staff for defendant LAPD, which is the police department of the City of Los Angeles, California. Jacobs Decl. ¶¶ 1-2. Defendant LAPD is based in and primarily operates in Los Angeles, has no jurisdiction in North Carolina, no employees who regularly work in North Carolina, and does not regularly conduct law enforcement activity in North Carolina. Id. ¶ 2.

C. Defendant ESIS

Plaintiff alleges that defendant ESIS was the workers' compensation carrier for SPE, that it denied him workers' compensation, and that it "tried to use [California Code of Civil Procedure §] 391 on me."[6] Compl. ¶ 17.

## COURT'S DISCUSSION

A. Motions to Dismiss

1. Standard of Review

Where the court addresses a Rule 12(b)(2) motion without the benefit of evidentiary hearing, but rather relies only on the motions papers, supporting memoranda, affidavits, and pleadings, the plaintiff's burden is to make a *prima facie* showing of personal jurisdiction. Carefirst of Md. Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003). Ultimately, the burden of proof on the plaintiff is one of preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). In this context, the court construes the allegations in the light most favorable to the plaintiff, assumes credibility, and draws the most

---

[6] As discussed in prior orders in this case, California Code of Civil Procedure § 391 defines as a "vexatious litigant" anyone who

- has commenced at least five litigations *in propria persona* in the last seven years, other than in small claims court, that have been finally determined adversely to them or unjustifiably been permitted to remain pending for at least two years without being brought to trial or hearing;
- repeatedly relitigates, or attempts to relitigate, *in propria persona*, validity of determinations against the same defendant(s), or causes of action, claims, controversies or issues of fact and law previously finally determined;
- repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other frivolous tactics; or
- has previously been declared a vexatious litigant by any other state or federal court in an action or proceeding based upon substantially similar facts, transaction, or occurrance.

If a plaintiff is determined to be a vexatious litigant, a defendant may move for an order requiring the plaintiff to furnish security, or to dismiss. Cal. Civ. Proc. Code § 391.1. If, after notice and hearing, the court determines there is no reasonable probability that said plaintiff will prevail in the litigation against the moving defendant, the court shall require that plaintiff to furnish security for the benefit of the moving defendant in an amount fixed by the court. Cal. Civ. Proc. Code § 391.3(a). If the court determines the litigation has no merit and has been filed for harassment or delay, the court shall dismiss the matter. Cal. Civ. Proc. Code § 391.3(b).

favorable inferences for the existence of jurisdiction. Carefirst, 334 F.3d at 396. To make out a *prima facie* showing of personal jurisdiction, a plaintiff must make allegations that such jurisdiction exists. Clark v. Remark, No. 92-1682, 1993 WL 134616, at *2 (4th Cir. Apr. 29, 1993).

The plaintiff may not rest on mere jurisdictional allegations where a defendant has countered those allegations with evidence that jurisdiction does not exist. Id. (citing Barclays Leasing v. Nat'l Bus. Sys., 750 F.Supp. 184, 186 (W.D.N.C. 1990)). Rather, plaintiff must come forward with affidavits or other evidence to counter defendant's arguments, and once both parties have presented evidence, factual conflicts are resolved in favor of the party asserting jurisdiction. Id. In construing the pleadings, affidavits, and other supporting documents in the light most favorable to plaintiff, the court does not "credit conclusory allegations or draw farfetched inferences." Masselli & Lane, P.C. v. Miller & Schuh, P.A., No. 99-2440, 2000 WL 691100, at *1 (4th Cir. May 30, 2000) (quotations omitted).

A motion under Rule 12(b)(5) challenges the sufficiency of service of process. See Fed. R. Civ. P. 12(b)(5). "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. When considering a motion to dismiss for insufficient service of process under Rule 12(b)(5), the plaintiff bears the burden of establishing that proper service of process was performed, and that the process itself was proper. Brissett v. Freemont Inv. & Loan Corp., No. 4:08–CV–77–F, 2010

WL 686547 at *2 (E.D.N.C. Feb. 24, 2010) (citing Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003)).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to eliminate claims that are factually or legally insufficient. Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In evaluating whether a claim is stated, "a court accepts all well-pled facts as true and construes these facts in the light most favorable" to the plaintiff, but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id. In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

2.. Analysis

a. Defendant OPEIU NY's Motion to Dismiss

Defendant OPEIU NY argues, first, that plaintiff has failed to sufficiently serve process. Because "failure to obtain proper service on [a] defendant deprives the court of personal jurisdiction over the defendant," Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998), the court first considers this asserted ground for dismissal. See Constantine v. Rectors & Visitors of George Mason Univ.,

411 F.3d 474, 480 (4th Cir. 2005) ("[A] federal court necessarily acts *ultra vires* when it considers the merits of a case over which it lacks . . . jurisdiction.").

Pursuant to Federal Rule of Civil Procedure 4(m), where a defendant is not served within 120 days after a federal action commences, plaintiff faces dismissal of the action without prejudice against that defendant. In this case, defendant OPEIU NY did not receive service of process until April 1, 2014. Declaration of Sandra Bartice ¶ 2. This was over 200 days after the notice of removal was filed. See September 4, 2013, Notice of Substitution and Removal.[7] Accordingly, where service was untimely, plaintiff failed to accomplish proper service of process on defendant OPEIU NY, and the court accordingly lacks personal jurisdiction over defendant OPEIU NY.

Plaintiff attempts to resist this conclusion, first by stating that he initially served defendant OPEIU NY while the case was still pending in state court. As discussed in the court's December 4, 2013, order, however, plaintiff did not properly serve defendant OPEIU NY with this attempt. Plaintiff next asserts that in response to the court's December 4, 2013, order, he "properly served OPEIU NY by request of Waiver of Service." Such a request, however, does not constitute effective service. Eagle Energy, Inc. v. District 17, United Mine Workers of Am., 177 F.R.D. 357, 359 (S.D.W.Va 1998); see also Vander Linden v. Wilbanks, 128 F. Supp. 2d 900, 905 (D.S.C. 2000) ("Although Rule 4(d) provides for waiver of service, if the defendant does not waive service then the plaintiff must personally serve the defendant, although the defendant must bear all costs associated with service."). Only after defendant OPEIU NY did not respond did plaintiff have a process server serve it. Nowhere does plaintiff controvert the declaration of Sandra Bartice that such

[7] As mentioned above, the proof of service filed April 16, 2014, as to defendant OPEIU NY indicated that defendant OPEIU NY was served April 2, 2014, rather than April 1, 2014. The minor discrepancy with the declaration of Sandra Bartice is immaterial as both dates are well outside the 120 day deadline for service.

service was not accomplished until April 1, 2014. Accordingly, plaintiff failed to timely effect service upon defendant OPEIU NY, and therefore defendant OPEIU NY's motion to dismiss is granted.

                    b.        Defendant LAPD's Motion to Dismiss

Defendant LAPD argues that plaintiff's claims against it must be dismissed because, among other reasons, the court lacks personal jurisdiction over it. The court agrees that it lacks personal jurisdiction over this defendant, and therefore does not reach other arguments raised.

This court may not assert personal jurisdiction over a non-resident defendant, unless (1) the exercise of jurisdiction is authorized by North Carolina's long-arm statute, and (2) the exercise of personal jurisdiction comports with Fourteenth Amendment due process requirements. Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." Id. Therefore, the two-pronged test merges into the single question of whether the "defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 (1945)).

> [A] court may assert jurisdiction over a nonresident defendant through either of two independent avenues. First, a court may find specific jurisdiction based on conduct connected to the suit. If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. Second, a court may exercise personal jurisdiction under the theory of general jurisdiction, which requires a more demanding showing of continuous and systematic activities in the forum state.

Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2012)(internal quotations omitted).

Plaintiff does not allege any jurisdictional facts showing that defendant LAPD – which is based in and primarily operates within the city limits of Los Angeles California – has conducted "continuous and systematic activities" within North Carolina; therefore the court does not have general personal jurisdiction over it. Tire Eng'g & Distribution, LLC, 682 F.3d at 301. To determine if it has specific jurisdiction over defendant LAPD, the court considers: (1) the extent to which defendant LAPD purposefully availed itself of the privilege of conducting activity in North Carolina, or otherwise invoked the benefits and protections its laws; (2) whether the plaintiff's claims arose out those activities directed at North Carolina; and (3) whether exercising personal jurisdiction is constitutionally reasonable. CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 294 (4th Cir. 2009).

Defendant LAPD is located in California, and plaintiff complains of acts or omissions by defendant LAPD in California. There are no allegations defendant LAPD purposefully availed itself of the privilege of conducting activity in North Carolina or invoking the benefits and protections of its laws, nor do plaintiff's claims arise out of any such activities. Thus, the exercise of personal jurisdiction over defendant LAPD is unreasonable and the court lacks specific jurisdiction over it. Defendant LAPD's motion to dismiss is granted.

      c.      Defendant ESIS's Motion to Dismiss

Defendant ESIS moves to dismiss plaintiff's claims against it pursuant to Rule 12(b)(6). A plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court has instructed, this requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.

Thus, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

As noted above, plaintiff only alleges that defendant ESIS was the workers' compensation carrier for SPE, that it denied him workers' compensation, and that in subsequent litigation it attempted to have him declared a vexatious litigant pursuant to California Code of Civil Procedure § 391. Such allegations, by themselves, are insufficient to state a facially plausible claim to relief. Defendant ESIS's motion to dismiss is therefore granted.

B.     Plaintiff's Motion to Reconsider

Plaintiff has filed what names a "Request for Relief of Judgments or Orders Under FRCP 60." Rule 60, however, provides that, for certain reasons specified therein, "the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding" (emphasis added). Pursuant to Federal Rule of Civil Procedure 54(b) "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end that action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Where none of the orders plaintiff seeks the court to reconsider adjudicate all the claims against all parties, they are not final. Thus, the court construes plaintiff's motion as a motion to reconsider certain interlocutory orders.

The court "retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)); cf. Fed. R. Civ. P. 54(b). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration

of a final judgment." Am. Canoe, 326 F.3d at 514. Nevertheless, while not bound by Rule 60(b), the court may look to the general principles embodied therein. See Fayetteville Investors, 936 F.2d at 1470.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. . . . Motions to reconsider are not proper where the motion merely asks the court to rethink what the Court had already thought through rightly or wrongly." DIRECTV, INC. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004). A motion to reconsider is appropriate where

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983); see also Fed. Deposit Ins. Corp. v. Willetts, 882 F.Supp.2d 859, 867 (E.D.N.C. 2012) (motions to reconsider are limited to the purpose of allowing the court to "correct manifest errors of law or fact or to consider newly discovered evidence," and not to simply ask the court to re-evaluate its decision).

In his motion to reconsider, plaintiff requests the court reconsider its prior orders dismissing defendants:

- Bank of New York Mellon ("BNY Mellon");
- Town of Hope Mills ("Hope Mills");
- SPE;[8]

[8] Plaintiff has captioned that portion of his motion to reconsider discussing defendant SPE as "Sony Defendants Dismissal." Pl's. Mot. to Reconsider at 8. The court has previously referred to defendants Schmid & Voiles; Rosen & Saba LLP; Trailer Park, Inc.; Kim Russo; James Rosen; Adela Carrasco; and Kathleen McColgan collectively with defendant SPE as "the Sony defendants." See November 20, 2013, Order at 1. In the context of this motion, however,

- The United States (substituted as a defendant for Judges Kim M. Wardlaw, Raymond C. Fisher, Marsha S. Berzon, and Otis Wright).[9]

1. BNY Mellon

With respect to defendant BNY Mellon, this court found that plaintiff's allegations in his complaint failed to state a claim against defendant BNY Mellon, and that plaintiff's request to amend to include a claim for defamation would be futile where the statute of limitations for defamation had plainly run. Plaintiff offers no valid ground for reconsideration of this order. Accordingly, plaintiff's motion for reconsideration is denied as to defendant BNY Mellon.

2. Hope Mills

As to defendant Hope Mills, plaintiff first contests this court's ruling that it lacks subject matter jurisdiction over his claim for retaliation. "An employee seeking redress for discrimination cannot file suit until [that employee] has exhausted the administrative process." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 406 (4th Cir. 2013). Thus, "before a plaintiff may file suit under Title VII [of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*] or the ADEA [Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*], he is required to file a charge of discrimination with the EEOC [Equal Employment Opportunity Commission]." Jones v. Calvert

the court understands plaintiff to be referring only to defendant SPE where the only defendant clearly discussed in this section of his motion to reconsider named "Sony Defendants Dismissal" is defendant SPE. To the extent plaintiff requests the court reconsider its dismissal of the other Sony defendants, such motion is DENIED where plaintiff raises nothing which would cause the court to reconsider its previous ruling that it lacks personal jurisdiction over these defendants.

[9] In his motion to reconsider, plaintiff also refers to defendants OPEIU Local 174; Marvin Baxter; Roger Boren; Ming Chin; Carol Corrigan; Court of Appeals Second Appellate District of California; Chief Justice Ronald George; Head of Judicial Council and Administration of 391 List CA Supreme Court; Joe Hilberman; Joyce Kennard; Linda Lefkowitz; Carlos Moreno; Superior Court of California, County of Los Angeles; Supreme Court of the State of California; The Judicial Council of California; The Judicial Council of California, Head of 391 Section; Kathryn Werdegar; and CA 2nd District Appeals Court. However, plaintiff states that he does not contest this court's dismissal of these defendants for lack of personal jurisdiction.

Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). A claim in subsequent litigation will be barred if the EEOC charge does not allege discrimination on that basis. Id.; see also Balas, 711 F.3d at 407 ("A federal court may only consider those allegations included in the EEOC charge."). "In determining what claims a plaintiff properly alleged before the EEOC, we may look only to the charge filed with that agency." Balas, 711 F.3d at 408.

In this case, plaintiff's previous EEOC charge did not include an allegation of retaliation. Plaintiff argued that a letter he wrote to the EEOC in which he stated that "Hope Mills is clearly harassing me, defaming me, and retaliating against me . . . I would like to add that to my charge" was sufficient to constructively amend his charge. In Sloop v. Mem'l Mission Hosp., Inc., 198 F.3d 147, 149 (4th Cir.1999), the Fourth Circuit held that a private letter from the complaining party to the EEOC did not amend her complaint. In light of Sloop, this court found that it had no jurisdiction over plaintiff's claim for retaliation.

Plaintiff now asks the court reconsider this ruling, contending that this matter is distinguishable from Sloop, because, unlike the plaintiff in Sloop, he intended for his letter to be a request to amend his charge. Plaintiff is correct that the court in Sloop stated that the plaintiff in that case did not intend to amend her charge by that letter; however, the Sloop court went on to instruct that

> "[e]ven if Sloop had subjectively believed she had amended her charge by sending the letter, it would be objectively illogical to view a private letter from a complaining party to the EEOC as constructively amending a formal charge, given that one of the purposes of requiring a party to file charges with the EEOC is to put the charged party on notice of the claims raised against it.

Id. Accordingly, plaintiff's intent for his private letter to amend his EEOC charge is insufficient to constructively amend such a charge. Moreover, plaintiff's assertion that he did not intend this letter

to be private is unavailing where the Fourth Circuit has specifically instructed that "[i]n determining what claims a plaintiff properly alleged before the EEOC, we may look only to the charge filed with that agency." Balas, 711 F.3d at 408.

Plaintiff also asks the court to reconsider a second part of its ruling dismissing defendant Hope Mills. In his response in opposition to defendant Hope Mills's motion to dismiss, plaintiff discussed two jobs he applied for in 2013. See Pl.'s Resp. Opp'n to Def. Hope Mill's Mot. to Dismiss at 3-4. In its order dismissing defendant Hope Mills, the court also noted in a footnote that to the extent plaintiff sought to bring claims against Hope Mills regarding jobs he applied for in 2013, the court lacked jurisdiction over these claims where plaintiff's response indicated he had not yet brought an EEOC charge on those claims. See id. ("It is not too late to file a charge with the EEOC about the two 2013 jobs.").

Plaintiff now appears to assert that he had, in fact, filed a charge with the EEOC against defendant Hope Mills for violation of the ADEA, regarding his applications for these jobs in 2013, and that sixty (60) days passed from the filing of that charge to his bringing suit. See Pl.'s Mot. to Reconsider at 3. "[T]he ADEA does not require the EEOC to issue a right-to-sue prior to the institution of a private suit. An ADEA plaintiff must only wait sixty days [after filing an EEOC charge], and then may file suit regardless of whether the EEOC has completed its investigation of the matter." D'Anna v. M/A-COM, Inc., 903 F. Supp. 889, 892 (D. Md. 1995). However, plaintiff fails to introduce any evidence showing that he filed such a charge with the EEOC, and that it was filed at least sixty (60) days before he instituted this lawsuit. When a defendant attacks the existence of subject matter jurisdiction in fact, apart from the complaint, the court is free to weigh the evidence to determine jurisdiction, and "[t]he burden of proving subject matter jurisdiction on a motion to

dismiss is on the plaintiff." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Plaintiff has failed to carry this burden.

Moreover, the court notes that plaintiff has failed to set forth any factual allegations in his complaint regarding his 2013 claims. Rather, he only makes the conclusory allegation that "[t]he town of Hope Mills corruptly and in bad faith used my case v. Hilberman et al. CV 07-7714-ODW. They discriminated and retaliated against me in employment selection." In considering whether a plaintiff has stated a valid claim, the court does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, 591 F.3d at 255. Thus, plaintiff's complaint fails to allege sufficient factual matter to state a claim for discrimination or retaliation with respect to his 2013 applications. The court therefore declines to reconsider its decision to dismiss plaintiff's claims as to employment he sought with defendant Hope Mills in 2013.

Plaintiff's final request for reconsideration with respect to defendant Hope Mills is to the court's dismissal his claim for defamation for failure to state a claim upon which relief can be granted. The court declines to do so. Plaintiff's claim is based upon his allegation that defendant Hope Mills submitted records to the EEOC showing that he had been declared a vexatious litigant. See Pl.'s Mot. to Reconsider at 3. As the court previously found, however, the order declaring plaintiff a vexatious litigant was a matter of public record, and truth is a complete defense to a defamation claim. See Food Lion, Inc. v. Capital Cities/ABC, Inc., 194 F.3d 505, 522 (4th Cir. 1999); Renwick v. News & Observer Pub. Co., 310 N.C. 312, 327 (1984) ("[T]ruth is an absolute defense in the defamation actions. . . ."). Thus, plaintiff fails to state a claim upon which relief can

be granted for defamation against defendant Hope Mills, and the court denies his motion to reconsider with respect to defendant Hope Mills.

3. SPE

Next, as to defendant SPE, plaintiff asserts that this court wrongly found his claims against defendant SPE were barred by *res judicata*. As noted in the court's prior order dismissing defendant SPE, *res judicata* applies when there is (1) a final judgment on the merits in a prior suit; (2) the parties in the prior action are the same, or in privity with the parties in the instant action; and (3) the causes of action in the two suits are the same. Martin v. Am. Bancorporation Ret. Plan, 407 F.3d 643, 650 (4th Cir. 2005).

These requirements are met with respect to plaintiff's claims against defendant SPE. Rule 41(b), which provides that "[a] dismissal . . . except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19[]operates as an adjudication on the merits." As discussed in this court's order dismissing defendant SPE, plaintiff's litigation in Henderson v. Joe Hilberman et al., No. 07-CV-7714-ODW (C.D. Cal. Feb. 11, 2009) ended in a dismissal with prejudice for failure to state a claim pursuant to Rule 12(b)(6), and thus was adjudicated on the merits. Moreover, plaintiff sued defendant SPE in Hilberman, so the parties are the same. Finally, for purposes of *res judicata*, two suits are considered to arise out of the same causes of action where they "arise out of the same transaction or series of transactions or the same core of operative facts." Pueschel v. United States, 369 F.3d 345, 355 (4th Cir. 2004). As the court noted in its order dismissing defendant SPE, the Hilberman case arose out of the same core of operative facts as this case,

including the same actions taken by defendant SPE in previous litigations. See Sony Defs.' Mot. to Dismiss Ex. 1 at 3-4.[10]

4. The United States (Judges Wardlaw, Fisher, Berzon, and Wright)

With respect to plaintiff's claims involving Judges Wardlaw, Fisher, Berzon, and Wright, plaintiff largely re-argues points already decided by the court in its order dismissing the United States substituted for this judges where the court found it was without jurisdiction to hear plaintiff's claims regarding actions taken by these judges because their judicial immunity for those actions could not be the subject of controversy. See Davis v. Pak, 856 F.2d 648, 651 n.3 (4th Cir. 1988) (holding a court lacks subject matter jurisdiction over a claim that "is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy." (quotations omitted)).

As this court previously stated, judicial immunity can only be overcome for a judge's non-judicial actions, or for judicial actions taken in a complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). The court has already considered and rejected plaintiff's arguments that the actions of Judges Wardlaw, Fisher, Berzon, and Wright were non-judicial actions and plaintiff provides no cause for the court to reconsider this.

---

[10] Plaintiff contends that certain of his claims arise out of "their" actions in the Hilberman case itself, and thus *res judicata* cannot apply where claims arising out of these actions do not arise out of the same core of operative facts as the claims brought in Hilberman. Insofar is "their" refers to defendants Schmid & Voiles; Rosen & Saba LLP; Trailer Park, Inc.; Kim Russo; James Rosen; Adela Carrasco; and/or Kathleen McColgan, plaintiff's assertion is unavailing. These defendants were dismissed for lack of personal jurisdiction. Insofar as "their" refers to defendant SPE, plaintiff's complaint lacks specific allegations which would state a valid claim against defendant SPE based on its conduct in the Hilberman case. Accordingly, this assertion does not cause the court to reconsider its ruling dismissing defendant SPE.

Insofar as plaintiff argues that the wrongfulness – or even asserted maliciousness – of these judges' decisions overcomes the judges' judicial immunity, this argument has been foreclosed by the Supreme Court, which has instructed that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (quotations omitted). The Stump Court re-iterated that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Id. at 356 (internal quotations omitted).

C. Defendants Smith, David Clinton, and Clinton & Clinton

As discussed above, on December 4, 2014, the court entered order requiring plaintiff to show proof of service as to defendants against whom plaintiff wished to proceed. Plaintiff has not responded in any way as to defendant Smith. Accordingly, defendant Smith is dismissed.[11] As to defendants Clinton & Clinton and David Clinton, the only defendants remaining now, proof of service was filed showing they were served on March 27, 2014, and March 24, 2014, respectively. Such service is untimely pursuant to Rule 4(m), where it occurred 204 and 201 days after the September 4, 2013, filing of the notice of removal in this case. Thus, pursuant to Rule 4(m), plaintiff is directed to show, within fourteen (14) days of entry of this order, good cause for his failure to timely serve defendants Clinton & Clinton and David Clinton. Failure so to do will result in dismissal without prejudice as to these defendants.

[11] The court notes that no mention of defendant Smith is made in plaintiff's complaint.

## CONCLUSION

For reasons given, the court GRANTS the motions to dismiss by defendants OPEIU NY, LAPD, and ESIS Ace USA (DE 128, 142, 148), DENIES plaintiff's motion to reconsider, DISMISSES defendant Colleen R. Smith, and DIRECTS plaintiff to show within fourteen (14) days of entry of this order good cause for his failure to timely serve remaining defendants Clinton & Clinton and David Clinton.

SO ORDERED, this the 15th day of August, 2014.

LOUISE W. FLANAGAN
United States District Judge